Butler *et al.* agt. Flanders.

# N. Y. SUPERIOR COURT.

FREDERICK BUTLER *et al.* agt. ABRAHAM H. FLANDERS.

*Commission to take testimony — When deposition will or will not be suppressed —
Code of Civil Procedure,* § 910.

The *bare fact* of the receipt (by a witness to be examined under a commission) of both sets of interrogatories, prior to his examination, is not a sufficient ground for the entire suppression of the deposition, where no prejudice is shown to have accrued to the defendant therefrom.

Where it appeared, upon the face of the commission, that the witness examined under it on behalf of the plaintiffs was, prior to his examination, supplied by the counsel for the plaintiffs with copies of the interrogatories and cross-interrogatories to be administered to him; no prejudice being shown to have accrued to the defendant:

*Held*, that the deposition, as it was and as far as it went, might stand for what it was worth, but upon certain conditions, only.

*Held*, further, that the fact of the receipt, by the witness, of the interrogatories in advance of his examination, would simply affect the credibility and weight of his testimony, and that this being so the defendant must have leave and an opportunity to frame and administer such further cross-interrogatories as he may be advised, and, in case he elects to avail himself of this privilege, the commission must be returned for further and final execution at the sole expense of the plaintiffs.

*Special Term, November,* 1878.

MOTION by defendant to suppress deposition.

*James K. Hill,* for motion.

*J. H. Dougherty,* in opposition.

FREEDMAN, *J*.— It appears upon the face of the commission that the witness examined under it on behalf of the plaintiffs

Butler *et al.* agt. Flanders.

was, prior to his examination, supplied by the counsel for the plaintiffs with copies of the interrogatories and cross-interrogatories to be administered to him. Whether they were sent to him directly or indirectly can make no difference as long as they were actually furnished to him in advance of his examination. That they were so furnished is admitted by plaintiffs' counsel in the affidavit submitted by him.

No prejudice is shown to have accrued to the defendant therefrom, except such as may be inferred from the bare fact of the receipt by the witness of both sets of interrogatories, and the question is, therefore, whether such fact alone calls for the suppression of the deposition.

When a witness has been examined in chief, the other party has a right to cross-examine him for the purpose of ascertaining and exhibiting the situation of the witness with respect to the parties and to the subject of the litigation, his interest, his motives, his inclination, his prejudices, his means of obtaining a correct and certain knowledge of the facts to which he has borne testimony, the manner in which he has used those means, his powers of discernment, memory and description. Such cross-examination is one of the principal and most efficacious tests which the law has devised for the discovery of truth, and the right to its free and full exercise is deemed of such great importance that if a witness dies after he has been examined in chief, and before his cross-examination, his testimony is inadmissible (*Kissam* agt. *Forrest*, 25 *Wend.*, 651).

But such test is rendered almost, if not quite, useless if the witness can be posted by the party calling him in advance as to the entire range which the cross-examination is to take, and made thoroughly acquainted with the form, nature and purpose of every question intended to be put to him on the cross examination.

To sanction such a practice would in many cases lead to the grossest abuse. The tribunal which is to pass upon the testimony of the witness is entitled to his independent recollection of the facts to which he may be able to testify, as such recol-

lection may appear from the whole range of his examination ; and this implies that the whole examination throughout must be fairly conducted.   Each party is entitled, therefore, to freely and fully examine him without undue interference on the part of the other.

The statute authorizing the issuing of commissions to take the testimony of witnesses residing abroad, is an innovation on the common law rules of evidence (*Jackson* agt. *Hobby,* 20 *Johns.,* 361),and hence the principle that its positive require-ments must be strictly complied with, has always been recog-nized and acted upon.   But even beyond that, whenever undue means are employed to give shape or color to evidence taken upon commission, says ALLEN, J., in *Commercial Bank of Penn.* agt. *Union Bank of New York* (11 *N. Y.,* 203), it will be proper, upon motion, to set aside the deposition and order the commission to be executed anew, or deprive the party thus abusing the process of the court of its benefit, as shall be deemed most fit.

So where the taking of the deposition was suspended in con-sequence of the sickness of the witness, and subsequently the witness appeared again with his counsel, and the examination was commenced anew, and the witness read his answers to all the interrogatories, direct and cross, from a paper he brought which had been prepared by himself and counsel and was in his counsel's handwriting, the deposition was, on motion, sup-pressed (*Creamer* agt. *Jackson,* 4 *Abb.,* 413).

Section 910 of the Code of Civil Procedure enumerates the cases in which the deposition may be suppressed, and any unfair or overreaching conduct on the part of the attorney for either party, to the prejudice of the adverse party, in the course of the proceedings, as well as fraud, is made a sufficient ground for the suppression of the deposition.

Upon the whole case, however, as it appears before me, I may well hesitate to suppress the deposition altogether .   No special prejudice is shown to have been sustained by the defendant, nor is it apparent from the deposition that he sus-

Butler *et al.* agt. Flanders.

tained any.   I am also satisfied that in transmitting copies of the interrogatories, plaintiffs' counsel had no intention to thereby secure an unfair advantage over the defendant.   The deposition, as it is and as far as it goes, may therefore stand for what it is worth, but upon certain conditions only.   Under this disposition of the motion, the fact of the receipt, by the witness, of the interrogatories in advance of his examination, will simply affect the credibility and weight of his testimony. This being so, the defendant must have leave and an opportunity to frame and administer such further cross-interrogatories as he may be advised.   In case he elects to avail himself of this privilege, the commission must be returned for further and final execution at the sole expense of the plaintiffs.

Let an order be entered accordingly.