### GRAHAM et al. v. CARLETON et al.

(Supreme Court, General Term, First Department. March 28, 1890.)

DEPOSITION—"UNFAIR CONDUCT"—COMMISSION.

  Defendants, who supplied a witness whose deposition was to be taken under a commission with a copy of the interrogatories and cross-interrogatories, cannot complain of an order giving plaintiffs an opportunity to further cross-examine the witness at defendants' expense, as defendants' conduct was "unfair," within the

meaning of Code Civil Proc. N. Y. § 910, which provides for the suppression of a deposition for any "unfair or overreaching conduct, to the prejudice of the adverse party, in the course of the proceedings."

Appeal from special term, New York county.

Action by John H. V. Graham and others against I. Osgood Carleton and another. Plaintiffs' motion for a suppression of the deposition of a witness taken under a commission was denied, but with leave to plaintiffs to further cross-examine the witness. Defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Charles M. Da Costa* and *R. Burnham Moffatt,* for appellants. *Wing, Shoudy & Putnam,* (*J. A. Shoudy,* of counsel,) for respondents.

DANIELS, J. The action has been brought for damages to a cargo carried by a ship of which the witness whose deposition was taken was the master. He was examined under a commission at Yokahama in Japan. Prior to his examination the defendants' attorney wrote him a letter, which was received soon after his arrival at that port, informing him that his deposition was to be taken, and supplying him with a copy of the direct and cross interrogatories which he was expected to answer under the commission; and it was after placing these interrogatories in his possession in this manner, which appeared by his answers to the cross-interrogatories, that his deposition was taken which the motion was made to suppress. This motion resulted in an order by which it was denied, upon the condition that the plaintiffs should have the opportunity to further cross-examine the witness, upon written interrogatories, at the expense of the defendants. If they were successful on the trial, such interrogatories to be served upon the defendants' attorney within 10 days from the date of the order, and to be administered to the witness by the commissioners designated in the commission; and, if his further examination could not in that manner be obtained, then the plaintiffs were allowed a further opportunity to cross-examine the witness, either orally or upon written interrogatories, before his written deposition should be read.

It is not necessary to dissent from the statement made by the defendants' attorney, that he intended no harm or prejudice to the plaintiffs in forwarding to the witness these interrogatories; for, even if he did not so intend, it was an improper act to place the direct interrogatories and cross-interrogatories in the hands of the witness, and in that manner permit him to deliberate and post himself upon the answers he should give prior to the time of his examination before a commissioner. Taking the testimony of a witness by commission, especially one who is interested in behalf of the party furnishing him with the papers, is an exceptional proceeding allowed and provided for because of the necessity of the situation, and with the expectation that in his answers he shall be guided alone by his memory; and the object to be subserved by the cross-examination is to confine that memory within its precise limits, and to discover whether the testimony is given from actual knowledge existing at the time in the mind of the witness, and to develop and expose any motives of interest or feeling tending to bring his statements into discredit. And these objects are liable to be defeated by supplying the witness, before his examination takes place, with the questions he is expected to answer by way of either direct or cross examination; for, having that advantage secured to him, he will be able, where he may be so disposed, to reflect upon and frame his answers so as to defeat the real purpose and object of a cross-examination. And neither party should be permitted to place the witness in this situation; for it can be attended with no other effect than, ordinarily, to render his evidence less valuable to the parties on whose behalf he is to be cross-examined, and the safe and reasonable practice of the courts does not permit that to be done.

This subject was carefully considered by Mr. Justice FREEDMAN in *Butler v. Flanders,* 44 N. Y. Super. Ct. 531; and but little can be added to the very

sensible observations made by him in the decision of the motion then decided by him. The Code, by section 910, as the preceding practice did, has provided for suppressing a deposition taken under a commission for any unfair or overreaching conduct to the prejudice of the adverse party in the course of the proceeding for taking it. And this, although it may not have been so intended, was such unfair conduct; for it was evidently designed to enable the witness to prepare himself by preceding thought and reflection concerning the answers which he would give to the cross-interrogatories, instead of allowing them to be propounded to and answered by him in the first instance at the close of his testimony in chief. The difference in the evidence of the witness obtained in this manner might, and probably would, be very substantial, and to the prejudice of the party requiring the cross-interrogatories to be answered. The testimony might very well, when it is given after reflection, evade or avoid the inquiries made by way of cross-examination, and result in a very different state of the evidence from that which would be obtained by following the direct by the cross examination of the witness without any previous preparation on his part. In the one instance, he could very well qualify his answers so as to render them useless, while in the other his memory would be strictly confined to the evidence given on his direct examination, and in that manner sifted and exposed so as to clearly show the extent, as well as the infirmity, of his recollection.

It probably would be well, as a matter of practice,—and which would supply a safer course, avoiding all possible opportunity for abuse,—to suppress the deposition of a witness when it may have been obtained in this manner, under a commission. The court did not deem so extreme an order as that to be required by the facts in this case, and accordingly denied the motion, with liberty to the plaintiffs further to cross-examine the witness, in order to discover the true state of his mind, so far as that might still be done, unaffected by the preceding perusal and understanding of the cross-interrogatories. This was certainly as little as the nature of the case required should be done. This right will not indefinitely postpone the trial of the action; for the plaintiffs, as in all cases the rules require, must proceed with reasonable diligence to obtain this additional examination of the witness, and if they shall fail to do so then the right itself might be forfeited, and the defendants relieved, on subsequent motion, from this condition. At the present, however, as the case has been brought to the attention of the court, the order should be affirmed, with $10 costs and the disbursements on the appeal. All concur.