MICHEL *et al. v.* COLEGROVE.

*(Superior Court of New York City, General Term.   July 5, 1892.)*

CASE AND EXCEPTIONS—MOTION TO SET ASIDE—NEWLY-DISCOVERED EVIDENCE.
   A motion to suppress a deposition and set aside a judgment on the ground of
   newly-discovered evidence must be made on a case and exceptions, with affidavits
   setting forth the newly-discovered evidence.

Appeal from special term.

Argued before DUGRO and GILDERSLEEVE, JJ.

---

MICHEL *et al. v.* COLEGROVE.

*(Superior Court of New York City, General Term.   July 5, 1892.)*

NEW TRIAL—CORRUPTING WITNESS—ESTOPPEL.
   Where a deposition taken on commission by defendant was merely cumulative
   and defendant derived no benefit therefrom, and the answers therein were known to
   plaintiffs two years before trial, they are estopped, after judgment, to move for a
   new trial on the ground of newly-discovered evidence, to the effect that defendant
   instructed deponent how to testify, the presumption being that by the exercise of
   proper diligence plaintiffs could have discovered such facts before trial.

Appeal from special term.

Action by Frederick Michel and Walton Townsend against James B. Colegrove.   From an order of the special term of March 24, 1892, denying plaintiffs' motion to set aside a judgment of the special term and to suppress the deposition of a witness, plaintiffs appeal.   Affirmed.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Henry Daily, Jr.*, for appellants.   *Thornall, Squires & Pierce*, (*Franklin Pierce*, of counsel,) for respondent.

GILDERSLEEVE, J.  This is an appeal from an order of the special term, by Judge McADAM, dated March 24, 1892, denying plaintiffs' motion to suppress the deposition of one George Battelson, taken under a commission, and to set aside a judgment of the special term, entered herein, and for a new trial.  This motion was made upon a case and exceptions, and upon affidavits setting forth the fact that, since the entry of the judgment herein, plaintiffs had learned that defendant, who had caused the testimony of one Battelson to be taken by a commission in London, had, previous to the execution of the commission, written said Battelson a letter, inclosing a copy of the interrogatories, and indicating the answers that said witness should give, which instructions were duly followed by said witness.  In an affidavit, one of the plaintiffs stated that said Battelson informed him, when in London, subsequent to the trial herein, that before the execution of said commission he (said Battelson) received said letter from defendant, and answered the interrogatories as directed by defendant.  The defendant, in his affidavit, used in opposition to the motion, admits the writing of the letter to Battelson, but disclaims any intention to direct Battelson in the answers he was to make to the interrogatories, or in any way to influence him.  He further says, by way of explanation, that he had personal knowledge of all the facts stated in his letter, and that he also knew that Battelson knew the same facts; and he positively swears that each and every one of the answers of Battelson to the interrogatories in question was true; and that the occasion of writing the letter arose from a letter written to him by Battelson, in which Battelson set forth the facts as to which he subsequently testified, under the commission, and asked him (defendant) to suggest the form of answers to be used by him, said Battelson; and that said letter was written by defendant without any consciousness, at the time, that it was improper or indelicate for him to suggest the forms of the answers, and without any intent whatever of in any way influencing the evidence of said Battelson.

This letter of the defendant certainly indicates a disregard of the proprieties that all honorable men observe in the conduct of any litigation, however bitter, and is a trespass upon the code of ethics which should control under such circumstances that calls for severe condemnation by this court.  *In re Eldridge*, 82 N. Y. 161; *Butler* v. *Flanders*, 44 N. Y. Super. Ct. 531; *Graham* v. *Carleton*, 9 N. Y. Supp. 392.  We deem the conduct of the defendant in this respect inexcusable.  But, from a careful examination of all the evidence, we are not satisfied that it was a wrong from which the defendant derived any benefit.  This conduct of the defendant, therefore, does not afford sufficient reason to entitle the motion to prevail.  The plaintiffs knew two years before the trial that a commission had been issued for the examination of Battelson, and they knew what answers he had made to the several interrogatories.  Yet no motion was made to suppress.  The excuse is that the facts were not known until after the trial.  But could they not, by the exercise of proper diligence, have been discovered before?  It is reasonable to suppose they could have been, and therefore the plaintiffs are estopped from the relief sought, by reason of their negligence and laches.  See Baylies, New Trials & App. pp. 524, 525, and cases there collected; *Quinn* v. *Lloyd*, 31 N. Y. Super. Ct. 255; *Smith* v. *Nelson*, 62 N. Y. 288.  If the least fault be imputable to the plaintiffs, they will ask for relief in vain.  3 Grah. & W. New Trials, 1026; *Weston* v. *Railway Co.*, 42 N. Y. Super. Ct. 162.

Again, the testimony was not controlling, but cumulative; and there is enough in the case without the testimony of said Battelson to sustain the judgment rendered.  There is no reason to believe that Battelson would testify differently if re-examined; nor is there any reasonable certainty that a new trial would produce a different result.  The disclosures made by the evidence, upon which the plaintiffs rested their motion, would be of no value upon a new trial, except by way of affecting the credibility of Colegrove and Battelson.

A judgment will not be vacated for the purpose of allowing the defeated party
to attack the credibility of the witnesses of the successful party, or to contra-
dict them, or to show that they have testified falsely.   See *Smith* v. *Lowry*, 1
Johns. Ch. 320; *McIntire* v. *Young*, 39 Amer. Dec. 447; *Starin* v. *Kelly*,
47 N. Y. Super. Ct. 291; *Emmerich* v. *Hefferan*, 53 N. Y. Super. Ct. 98.
The plaintiffs now seek to destroy the judgment by removing or destroying
the cumulative corroborative evidence in Battelson's deposition.   But a new
trial cannot be obtained either for the purpose of furnishing new cumulative
evidence, or for the purpose of destroying the cumulative evidence of the success-
ful party.   See Baylies, New Trials & App. 525, and cases there collected.
We quote, with entire approval, from the decision of Judge McADAM,
in disposing of this motion:   "This rule is settled: that if a witness, examined
on commission, is instructed by the party in interest how to testify, the com-
mission will be suppressed, at the instance of the adverse party, on the ground
that such conduct is prejudicial to him, corrupting to the witness, an abuse of
process, and a fraud on the court, interfering with pure administration of
justice.   But suppressing a commission in advance of the trial, and granting
a new trial after an adverse judgment, is quite a different thing.   A judg-
ment is intended to terminate a litigation, and to conclude the parties as to
every question raised, or which might have been raised, before the final result
was reached; and rights so lost may never be regained."   For the reasons
above stated it follows that the order appealed from must be affirmed, with
$10 costs and disbursements.   All concur.