GEORGE W. HARTMANN, Plaintiff, *v.* NEW YORK POST et al., Defendants.

Supreme Court, Special Term, New York County, May 12, 1947.

*Sigmund Goldstein* for plaintiff.

*Jonas J. Shapiro* and *Theodora Zavin* for defendants.

HAMMER, J. This action is in libel. Pursuant to an order of this court made January 31, 1946, the plaintiff was examined before trial within this State, the examination being concluded on April 3, 1946. The testimony was transcribed and a copy sent to plaintiff's attorney. He returned same with suggested corrections and requested that changes be made. Most of the requested changes were made and the minutes returned to plaintiff's attorney with a request that plaintiff subscribe and swear to same. It is not claimed that the corrected transcript is inaccurate or that further changes should be made. However, plaintiff has retained the original and other copies of the transcript and has refused to return it and the copies to the defendants.

Defendants by this motion seek to compel the plaintiff to appear before this court on a date and at a time to be fixed and there to sign and swear to the transcript of his testimony.

Plaintiff has made a cross motion to suppress the deposition taken upon his examination before trial on the ground that the order for the examination was obtained on the statement in the accompanying affidavit that the matters were material, relevant and necessary to the proof of defendants' third affirmative defense of truth and justification and, indeed, on the trial of this action; whereas, in fact, it was not taken for use in this action but for use by others, not the defendants, in other actions and, in fact, a copy was given to an attorney and used upon a trial in the Federal court of Philadelphia of an action not against these defendants, as well as to a New York attorney for use in another action not against these defendants but pending in New York, and that such practice is in violation of rule 133 of the Rules of Civil Practice. It is conceded that the plaintiff here was also the plaintiff in the two other mentioned actions.

It is well settled that a party examined before trial should sign the minutes of his examination. Rule 129 of the Rules of Civil Practice provides the following: " * * * A deposition, when completed, must be read carefully to the person examined and subscribed by him. * * * " The failure to subscribe has been held to be an irregularity which does not render the deposition nugatory (*Broome County F. F. R. Assn.* v. *New York State E. & G. Corp.*, 239 App. Div. 304, affd. 264 N. Y. 614). However, the requirement of signing the transcript

of the testimony and swearing to same is salutary and proper. It is a helpful aid to the court for purposes of authenticity when the testimony is sought to be read upon the trial (*Columbia* v. *Lee,* 239 App. Div. 849; *Magnus* v. *Magnus,* 54 N. Y. S. 2d 271).

Rule 133 of the Rules of Civil Practice has reference to depositions taken without the State and is not applicable. It is not shown or claimed the testimony is not material or necessary in the defense of this action. If used upon the trial herein, obviously there could be no fraud on the court in stating it was to be taken for that purpose. Depositions taken without the State under rule 133 are suppressed when it is shown that they have been improperly or irregularly taken or returned or that the attorney for either party has practiced any fraud, or unfair or overreaching conduct, in respect of the deposition, or where it appears a resident of the State whose deposition was taken without the State could have been subpoenaed to attend the trial and that he does not reside more than one hundred miles from the place of trial (*Butler* v. *Flanders,* 56 How. Prac. 312; *Graham* v. *Carleton,* 56 Hun 642, opinion in 9 N. Y. S. 392; *Benedict* v. *Richardson,* 68 Hun 202, affd. 139 N. Y. 622; *Rust* v. *Eckler,* 41 N. Y. 488).

One of the basic elements of fraud is damage. It is difficult to see how plaintiff, who has sworn that the contents of the deposition are true, could be damaged by the use of the deposition at any time or place and, more particularly, at any trial where truth may be ascertained by reference to it. In *Marine Trust Co.* v. *Nuway Devices, Inc.* (204 App. Div. 752, 753) it was said: "There seems to be no good reason why these facts should be concealed by the plaintiff pending the trial. The parties should be seeking the truth, not playing a game."

The question of whether plaintiff has any right or remedy to limit the use of the deposition exclusively to this action up to its use upon the trial is not here presented or passed upon. The decision here is limited to the facts presented upon the motion and cross motion made.

For the reasons stated, the defendants' motion is granted and plaintiff's cross motion is denied, with costs to the defendants. Unless otherwise stipulated, the time and place of subscribing and swearing to the deposition will be fixed in the order to be entered. Settle order.