### In re SAMUELS et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1914.)

No. 113.

DEPOSITIONS (§ 76*)—STENOGRAPHER'S NOTES—TRANSCRIPT—SIGNING.

Where a bankrupt had been examined and his testimony taken by a stenographer and a transcript made, the witness could not refuse to sign the same because he now claims his answers are incorrect by reason of his misunderstanding of one or more questions, and not being correctly informed when he answered; he being only entitled to insert before his signature and jurat a statement that on reading the record of his testimony he now discovers that certain of his answers, specifying each separately, are incorrect, and that the reason for the inaccuracy was either because he misunderstood the question (in which case he must state what he understood the question to ask), or because at the time he answered he did not have sufficient information to enable him to answer the question accurately.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 166, 176, 190–196; Dec. Dig. § 76.*]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Jacques Samuels and another, doing business as Joseph Samuels & Co. On petition of Jacques Samuels to revise an order of the District Court directing petitioner to sign certain testimony theretofore given by him before the special examiner, which testimony had been taken by a stenographer, who had transcribed his notes in the form of question and answer. Modified and affirmed.

H. H. Oppenheimer, of New York City, for petitioner.

G. Clark, of New York City, for respondent.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. It is understood that all alleged errors of the stenographer have now been corrected to the satisfaction of all parties.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The only question is as to answers of the witness, which were correctly taken by the stenographer, but which the witness now asserts were incorrect, by reason of his misunderstanding the question or not being correctly informed when he answered. The answers which he gave in response to the questions must of course stand just as he gave them; they constitute his sworn testimony, the affixing of his signature and a renewed oath to what he signs is a mere matter of convenience to avoid the calling of a stenographer to testify every time reference is to be made to his testimony.

He may, however, after the record of question and answer as it now stands and before his signature and jurat, insert a statement that upon reading this record of his testimony he now sees that certain of his answers (specifying each one separately) was incorrect—and that the reason for the inaccuracy was either because he misunderstood the question (in which case he must state what he understood the question to ask), or because at the time he answered he did not have sufficient information to enable him to answer the question accurately.

With this modification the order is affirmed.