NICHOLAS A. VAN SON, Appellant, *v.* MEYER HERBST, Respondent, Impleaded with MEYER ZAUSNER and Another, Defendants.

First Department, February 26, 1926.

Depositions — examination of plaintiff before trial — plaintiff has right under Rules of Civil Practice, rule 129, to correct transcript of testimony before subscribing.

A plaintiff on an examination before trial is not required by rule 129 of the Rules of Civil Practice to subscribe the exact transcript of the testimony, but he has the right to so change the transcript as to make it conform to his more deliberate recollections of the facts; new matter placed in a deposition by correction would have to be very remarkable or quite unresponsive and unjustified by the questions to require its exclusion.

APPEAL by the plaintiff, Nicholas A. Van Son, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1925, directing the plaintiff to subscribe and swear to the testimony given by him upon his examination before trial and to deliver the testimony so subscribed and sworn to to the attorneys for the defendant Meyer Herbst, and staying all proceedings on the part of the plaintiff until said directions are complied with.

*Alfred B. Nathan,* for the appellant.

*Rabenold & Scribner* [*Louis G. Bernstein* of counsel], for the respondent.

MARTIN, J. The plaintiff sued to recover damages for an alleged breach of contract. He was required by an order properly entered to submit to an examination before trial. The examination was commenced on March 11, 1925, and continued on September 2, 1925. Within a fortnight after each of these occasions the testimony was transcribed and sent to plaintiff's attorney. After it had been finally verified counsel for defendant Herbst discovered that it had been corrected in some thirty-five places. These corrections vary from slight changes in figures to very substantial changes, some of them accomplished by adding a clause or sentence to an answer as originally made. There is none, however, which might not have been properly made when the witness was interrogated.

It is urged for respondent that the corrections and interlineations destroy the probative value of the deposition and substitute for plaintiff's testimony that of his attorney, and that he should be required to sign the transcript as prepared by the stenographer.

Though rule 129 of the Rules of Civil Practice provides that

" a deposition, when completed, must be read carefully to the person examined and subscribed by him," this merely expresses the requirement that the witness subscribe his testimony. That he must do so without making such changes in it as are properly to be made, in order to have it conform to his more deliberate recollection of the facts, is not directed by the rule. Otherwise there would be no need of having the transcribed testimony read before it is signed. It is read so that corrections may be made and we see no changes, such as plaintiff might not properly have caused to be made. Indeed the new matter would have to be very remarkable or quite unresponsive and unjustified by the questions to require its exclusion.

We are of the opinion that neither *Mc Nally, Inc.,* v. *Chapin* (197 App. Div. 792) nor *Matter of Samuels* (213 Fed. 447) contain any statements which will sustain the order. There are several authorities holding that such an order is improper. (See *Harrison* v. *Thackaberry,* 248 Ill. 512; *Matter of Hafer,* 65 Ohio St. 170; 18 C. J. 695.)

We are not now required to decide as to what use may be made at the trial of the fact that appellant corrected his testimony at a time subsequent to his examination.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.