Mrs. R. L. Bean *vs.* Camden Lumber & Fuel Company.

Knox.    Opinion April 17, 1926.

*If the language used in a declaration is susceptible of the meaning claimed for it, and of no other, there is no variance.*

*The admission by the court of depositions taken by a notary outside of the State is not exceptional error in absence of an abuse of sound judicial discretion.*

*Giving a juror a ride by counsel in the case while it is on trial, held to be improper conduct and entitles a party to the action to have a verdict set aside.*

In the case at bar the evidence shows that after the testimony and arguments of counsel had been heard, and before the delivery of the charge, counsel for the plaintiff tendered to one of the jurors gratuitous conveyance in the automobile of such counsel over a distance which would by public conveyance have entailed upon the juror the expenditure of money.

The act of the attorney may have been but an ordinary and neighborly kindness, and the value of the gratuity but slight, but jurors should be free from the influence of parties and counsel outside the court room.

On exception and general motion by defendant. An action of assumpsit on a promissory note. During the trial the defendant contended that there was a variance in the language of the declaration and the proof and excepted to an adverse ruling. Plaintiff offered some depositions taken by a notary outside the State and defendant objected to their admission on the ground of alleged informalities in the manner of taking them, and excepted to an adverse ruling. A verdict for plaintiff was rendered and defendant filed a general motion for a new trial alleging improper conduct by counsel for plaintiff toward a juror. Exceptions overruled. Motion sustained. A new trial granted.

The case is fully stated in the opinion.

*Oscar H. Emery,* for plaintiff.

*J. H. Montgomery,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, BARNES, BASSETT, JJ.

DUNN, J., dissenting in part.

BARNES, J.   This case was tried before a jury, with verdict for the plaintiff, and comes up on exceptions, and upon defendant's motion for a new trial for alleged misconduct of the plaintiff's attorney and one of the jurors before whom the case was tried.

The action is assumpsit on a promissory note; it is before this court for the second time upon a question of pleading or practice or other issue foreign to the merits of the plaintiff's case; a verdict is had and an end to the litigation should be reached.   The exceptions are two in number.   The writ is a declaration, in the ordinary form against a corporation, containing a second count for money loaned, with specification that the note was given in consideration for the loan, and a third count for money had and received.

At trial, defendant directed the attention of the presiding Justice to the wording of the note, "we promise to pay," and the signature of the maker, "Camden Lumber & Fuel Co. Per J. W. Ingraham Treas. R. L. Bean Pres.," and claimed variance between pleading and evidence.   The justice found no variance and ordered that the trial proceed, whereupon defendant noted his first exception.

That the note was not written in the precise phrasing recommended by technical grammarians to set out a promise by a corporation, with the use of the neuter pronoun and appropriate form of the verb, cannot avail to prove variance, and this exception fails.

The language used is susceptible of the meaning claimed for it, and of no other.   And if it did not sustain the count on the note, it was admissible under the other counts as evidence of money loaned or of money had and received.

Further, plaintiff offered depositions of Mrs. R. L. Bean and R. L. Bean, taken in Oklahoma City, Oklahoma, executed on the 30th day of March, 1925, before Maurice Breedin, who signed as Notary Public, and whose seal was affixed to each deposition, together with notices of request that such be taken, served on defendant's attorney the 5th of the same month.   Defendant objected to the admission of the depositions, for informalities alleged to be such as to render them void, in that, First; the two deponents were to present themselves at the same place and hour to give their depositions:

Second; because the person to take the depositions was not designated in the notice:

Third; because but one caption was returned with the depositions and in this the notary recorded the day of the depositions and not the hour when either was taken:

Fourth; because it does not appear that the notary was disinterested; or that the depositions, or either of them, were written in the presence of either of the deponents or under their respective directions; and

Fifth; because neither deponent signed, and it does not appear that his deposition was read to either deponent.

It may truthfully be said that both notice and depositions might have been written with greater particularity. But provision was made by our fathers for the execution and use of depositions to aid in the presentation of facts, and to shorten and render less expensive the course of litigation. When taken by a notary, outside the State, they may be admitted or rejected at the discretion of the court. R. S., Chap. 112, Sec. 20.

Defendant's motion was denied, the court admitted the depositions, and we think nothing was saved by this exception.

The office and functions of a notary are of long standing in the jurisprudence of the English speaking people, and the work of a notary of another state of the union, if fair and reasonably regular upon its face, and giving evidence of having been taken, after actual and sufficient notice and with substantial compliance with the requirements of our statutes may be received in our courts.

In this case actual and sufficient notice was given of the time and place of taking the depositions. That the deposition of a man and his wife were to be taken at the same time and place, and that they be attached to one caption certainly cannot be held to work any hardship on the defendant.

That the person who was to take the depositions was not designated in the notice is not detrimental, if it prove that he is a person empowered so to act; and that such person does not avow himself to be disinterested or that he read his deposition to each deponent, or lastly that deponents did not sign their several depositions, none nor all of these alleged omissions compel rejection.

The court finds no abuse of sound judicial discretion in this case. The depositions appear to have been taken before a notary public

who affixed thereto his name, official character and seal, and these are prima facie evidence of his qualification to act.   *State* v. *Kimball,* 50 Maine, 409.   *Freeland* v. *Prince,* 41 Maine, 105.

Upon the motion the court is asked to set the verdict aside because of alleged improper conduct of plaintiff's attorney and one of the jurymen before whom the case was tried.

The evidence in support of the motion shows beyond peradventure that after the testimony and arguments of counsel had been heard, and before the delivery of the charge, counsel for the plaintiff tendered to one of the jurors and the latter accepted gratuitous conveyance in the automobile of such counsel over a distance which would by public conveyance have entailed upon the juror the expenditure of money.   For just such a case as this the Legislature has provided— "If either party, in a cause in which a verdict is returned, during the same term of the court, before or after the trial, gives to any of the jurors who try the cause, any treat or gratuity  . . . . .   the court, on motion of the adverse party, may set aside the verdict and order a new trial."   R. S., Chap. 87, Sec. 109.   The act of the attorney in this case may have been but an ordinary and neighborly kindness, and the value of the gratuity but slight.   But as this court has recently said, "More than once, and in no uncertain language, we have placed the seal of condemnation, not alone upon the attempts of parties by word or deed to influence or prejudice jurors outside the court room, but also upon the indiscretion of their friends along the same line.   And we have not stopped to inquire whether the attempt was successful, nor whether the mind of a juror was actually influenced, but only whether or not the mind of a juror might have been influenced by the attempt, or whether the attempt might have any tendency to influence the mind of a juror."   *York* v. *Wyman,* 115 Maine, 354.

If conveyance may be furnished, why not entertainment?   Jurors should be free from the influence of parties and counsel outside the court room, and that the verdict in this case may be above criticism, the entry should be,—

*Exceptions overruled.*
*Motion sustained.*
*New trial granted.*

DUNN, J. (dissenting in part):

By authority of the statute, and at the instance of him to whom a verdict is adverse, the verdict may be set aside and a new trial granted, where treat or gratuity was had by a juror. R. S., Chap. 87, Sec. 109.

"Treat" seemingly is used in the sense of entertainment, and "gratuity" in that of the receiving of something voluntarily given in return for favor or services.

After the arguments below, and the adjournment of that court for the day, the plaintiff's attorney in starting for his automobile to motor home, met with one of the trial jurors, who lived neighbor to the attorney in one of the nearby towns, and who like the attorney and to the latter's knowledge, was accustomed to stay in his own house at night, whither the juror journeyed in public conveyance, or traveled whenever chance to do so afforded, in the private carriage of another, by the unrecompensed courtesy of such other.

The invitation from the attorney was accepted. The two got into the automobile, as did a third person, but this person did not go quite so far as the others.

In twenty minutes the ride was over. The juror stepped out from the rear seat whereon he alone had ridden the entire way, without any discussion of or reference to the pending case, and without having expended for train fare, the thirty cents which in coming by that means he would have.

On the next day, the juror was back in his place, the judge charged the jury, and verdict favorable to the plaintiff was returned.

The above is the history of what happened till the verdict.

On learning that the juror had had the ride, the defendant moved the avoiding of the verdict for that reason, and the vital question which the sitting justice reserved for decision by this court is, whether the motion shall obtain?

The general aspect would be the better, let it be remarked in emphasis, had the invitation neither been extended nor accepted. But, notwithstanding, there is no suggestion, nor could there be in record foundation, that the verdict is in conflict with law or evidence.

The presented situation is one of actuality and not of potentiality. And no reason is perceived by me, for exercising purely permissive power, on the posture of what might have been, when were the verdict the opposite of what it is, namely, if the defendant instead of the plaintiff had gained it, it would have been so insecurely posited as to be unable to withstand the directed force of usual-form motion to void.