THOMAS B. COLUMBIA, Respondent, v. GEORGE C. LEE and Others, as Copartners Doing Business as LEE, HIGGINSON & Co., Appellants.— Order denying defendants' motion to require the plaintiff to sign and subscribe his testimony reversed on the

law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The proper practice to pursue is that indicated in *Matter of Samuels* (213 Fed. 447). Such a practice keeps the amount of friction and conflict at a minimum. Before the witness signs and subscribes his testimony he may add to the foot thereof a statement that certain of his answers (indicating the answers to which he refers) are incorrect, giving the reason therefor: either that it is an incorrect transcript or that his present recollection of the facts is more accurate, and he may then state what his corrected answer is and give any other explanation he desires with respect to his prior answer. After adding such a statement he must sign and subscribe his testimony. This will leave available to the trial court the original form of answer, which may then be compared with the second form of answer to determine which one may or should be credited. This will also make known before the trial whether there is any need to have the transcript authenticated as to its accuracy by the stenographer. This procedure gives to the plaintiff every practical benefit that would accrue to him by a literal following of the practice indicated in *Van Son* v. *Herbst* (215 App. Div. 563), which concerned a case where a witness was denied an opportunity to in any form make corrections to the transcript of his testimony when he was called upon to sign it. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.