WILLIAM MANSBACH, Plaintiff, *v.* JULIUS KLAUSNER, Defendant.

Supreme Court, Special Term, New York County, February 11, 1943.

*Paul Crosney* for plaintiff.

*Benjamin Schwartz* and *Gustav Jacoby* for defendant.

WALTER, J. It is here sought to punish a witness for contempt in failing to comply with a decision by me in which, in granting a motion to compel him to sign his deposition, I said: " A witness is entitled to make corrections in the transcript of his testimony before signing the same, but where, as here, the corrections may be substantial, they must be made in such a way as to indicate the testimony as given and as corrected by the witness after making the transcript."

Counsel seem much concerned over what they call the First Department rule enunciated in *Van Son* v. *Herbst* (215 App. Div. 563) and the Second Department rule enunciated in *Columbia* v. *Lee* (239 App. Div. 849). I perceive no difference, or at least none which is substantial. The essential requisites are that the transcript shall show (1) what the testimony was as originally given and taken down and transcribed by the stenographer; (2) what the testimony is as corrected by the witness

before he affixes his signature; (3) whether the corrections are due to a challenge to the accuracy of the stenographer or to a desire on the part of the witness to change what he said upon the examination. The manner in which these things are shown is a mere matter of mechanics, which well may vary in particular cases according to the particular circumstances.

In the case at bar riders containing new answers to certain questions have been attached in such way that the answers as originally taken down and transcribed remain plainly legible, and generally speaking I see no objection to that course. Whether corrections be made in that way or by means of a statement at the foot of the transcript is, I repeat, a mere matter of convenience.

These riders, however, do not indicate whether the changes are due to a challenge to the accuracy of the stenographer or to a desire on the part of the witness to change what he said upon the examination, and such indication must be made so that the party taking the deposition will know whether or not he must produce the stenographer upon the trial to testify to the accuracy of the original transcript.

Having examined the transcript upon this motion it appears that in carrying out the direction to make such indication it will prove more convenient to place at the end of the original transcript a statement embodying all changes and giving separately the reason for each, and that course is accordingly directed in this case.

The motion to punish for contempt is denied, without prejudice to a new motion for such relief if the directions herein contained are not complied with within ten days after the publication of this opinion.