AMERICAN WORCESTERSHIRE SAUCE Co., Plaintiff, *v.* ARMOUR AND COMPANY, Defendant.

Supreme Court, Special Term, New York County, February 21, 1949.

*Martin M. Alpert* and *Harold C. Fields* for plaintiff.

*William T. Bresnahan* for defendant.

HECHT, J. Plaintiff obtained an order for the examination before trial of defendant on the question of its failure to make delivery of merchandise pursuant to certain contracts. At the close of the examination by plaintiff, the attorney for defendant proceeded to cross-examine the witness. The witness was an employee of defendant through whom the defendant was being examined. Attorney for plaintiff objected to the procedure but permitted the cross-examination to continue, reserving his rights for an application to the court to strike out the testimony.

An examination before trial of an adverse party is allowed to aid in the prosecution or defense of an action by the party seeking the examination. Its purpose is to furnish information to the moving party. This type of examination before trial is clearly distinguishable from an examination for the purpose of perpetuating testimony of a party on his own behalf or the examination of a witness. In these situations possible unavailability at the trial is the motivating factor for the examination and thus the complete story must be obtained for the trial. Direct and cross-examination are allowed in such examinations.

However, where the examination is of an adverse party for the prosecution or defense of an action, there should be no cross-examination except for the limited purpose of possibly clarifying an answer given on direct examination. The scope of this type of cross-examination will depend on the particular facts of each case. If the party examined is dissatisfied with the answers given, his remedy is to indicate the changes at the foot of the examination. (*Columbia* v. *Lee,* 239 App. Div. 849; *Mansbach* v. *Klausner,* 179 Misc. 952.) Cross-examination for the purpose of eliciting additional information from that already brought out by the moving party or to give the version of the whole transaction from the standpoint of the party being examined, is clearly improper. Such testimony should be sought by the adverse party through its own application for examination of its adversary.

On the present examination plaintiff concluded the examination when it felt that it had obtained sufficient for its prima facie case. The questions asked on cross-examination were for the purpose of showing defendant's defense or version of the facts. The entire cross-examination is stricken.