James S. Brown, J.
Following an examination before trial of the plaintiff, defendant moves for an order to compel plaintiff to conform to the accepted practice of making corrections to the deposition and to execute the deposition taken herein de novo.
The sworn testimony was returned to defendant after the plaintiff had made various corrections to the transcript of his testimony, each change bearing his initials, by striking and crossing out certain words without destroying their legibility and by substituting in their places, and in some instances by adding, other words.
The defendant’s objection is twofold. It contends that the changes should be recited at the foot or end of the testimony and that each correction or change should be accompanied by an explanatory note, specifying the reason for the inaccuracy, such as a mistake or error on the part of the stenographer, or that the witness misunderstood the question, or whatever the fact may be relating to the cause requiring the change in testimony.
Plaintiff admits his error in not accompanying the corrections with the necessary explanations. Plaintiff also acknowledges his awareness of the fact that normally corrections are made at the foot of the transcript. His contention that since the stricken portions remain legible there would be no point in compelling him to conform to the accepted practice is not the controlling factor herein.
Where the answers were correctly taken by a stenographer, as is the situation here, the well-established procedural rule requires that: “ The answers which he gave in response to the questions must of course stand just as he gave them; they constitute his sworn testimony, the affixing of his signature and a renewed oath to what he signs is a mere matter of convenience to avoid the calling of a stenographer to testify every time reference is to be made to his testimony.” (Matter of Samuels, 213 F. 447, 448.)
The record on appeal in Columbia v. Lee (239 App. Div. 849) reveals that the factual situation there involved was almost-identical as that under consideration here as to the variety, *673 number and types of changes made. That holding is completely controlling in the instant situation. There the court stated (supra, p. 850): “ The proper practice to pursue is that indicated in Matter of Samuels (213 Fed. 447). Such a practice keeps the amount of friction and conflict at a minimum. Before the witness signs and subscribes his testimony he may add to the foot thereof a statement that certain of his answers (indicating the answers to which he refers) are incorrect, giving the reason therefor: either that it is an incorrect transcript or that his present recollection of the facts is more accurate, and he may then state what his corrected answer is and give any other explanation he desires with respect to his prior answer. After adding such a statement he must sign and subscribe his testimony. This will leave available to the trial court the original form of answer, which may then be compared with the second form of answer to determine which one may or should be credited. This will also make known before the trial whether there is any need to have the transcript authenticated as to its accuracy by the stenographer. This procedure gives to the plaintiff every practical benefit that would accrue to him by a literal following of the practice indicated in Van Son v. Eerbst (215 App. Div. 563), which concerned a case where a witness was denied an opportunity to in any form make corrections to the transcript of his testimony when he was called upon to sign it.”
The foregoing quotation was adopted in full in Hayes v. City of New York (98 N. Y. S. 2d 424) involving an action in the Supreme Court, New York County.
The case of Van Son v. Herbst (215 App. Div. 563), cited by plaintiff, merely approves of the rule that a witness has the right to correct his testimony on the transcript but does not discuss the form or manner in which a change or correction should be made.
The transcript of testimony should reflect the exact questions propounded to and the answers given by the witness. In its present form, it cannot be said that the transcript of testimony is a true reflection of the examination held.
Motion granted. Settle order on notice.