ALICE SKEANEY, Respondent, *v.* SILVER BEACH REALTY CORP., Appellant.

First Department, June 7, 1960.

*Arthur N. Seiff* of counsel (*George T. Nicholson,* attorney), for appellant.

*Irving I. Erdheim* of counsel (*Robert F. Armstrong* with him on the brief; *Erdheim & Armstrong,* attorneys), for respondent.

*Per Curiam.* The defendant appeals from an order of Special Term which denied defendant's motion to dismiss the complaint or grant appropriate relief because of an alleged failure of plaintiff to execute properly a transcript of her examination before trial.

On September 24, 1959 plaintiff was examined before trial. Thereafter and on October 6, 1959 a transcript of the examination was sent to plaintiff's attorney for execution by the plaintiff, together with a covering letter requesting that any changes should be appended to the examination. The executed transcript was not returned until December 21, 1959, after defendant had moved for and obtained an order directing the plaintiff to execute and return the transcript. Examination of the transcript revealed that plaintiff had made several alterations or additions to and in the body of the transcript.

The appellant asserts that the changes of plaintiff were changes in testimony by her and that the transcript should set forth plaintiff's testimony as originally given by her. Appellant asserts further that changes should appear at the end of the transcript.

Respondent contends that the method of correction in the instant case was proper.

There is no question before us as to the right to an examination (Civ. Prac. Act, § 288; Rules Civ. Prac., rule 129) or that the person examined must subscribe the deposition unless the subscription is waived by the court in the exercise of its discretion for reasonable cause (Civ. Prac. Act, § 302). The right to make corrections or changes in the testimony is recognized by decision (*Van Son* v. *Herbst*, 215 App. Div. 563) and is implicit in the statute (Civ. Prac. Act, § 302) by the requirement that " [t]he deposition, when completed, must be read by, or carefully read to, the person examined and must be subscribed by him."

The examination in the case before us was subscribed so that the power granted to the court to strike the relevant portion of a party's pleading for a failure to subscribe the examination (Civ. Prac. Act, § 302) does not apply.

The only question to be decided is the place at which corrections, changes or additions should appear. We are of the opinion that the proper and better practice is that set forth in *Columbia* v. *Lee* (239 App. Div. 849, 850). We quote: " Before the witness signs and subscribes his testimony he may add to the foot thereof a statement that certain of his answers (indicating the answers to which he refers) are incorrect, giving the reason therefor: either that it is an incorrect transcript or that his present recollection of the facts is more accurate, and he may then state what his corrected answer is and give any other explanation he desires with respect to his prior answer. After adding such statement he must sign and subscribe his testimony." The precise procedure described above in the *Columbia* case should be followed.

*Van Son* v. *Herbst* (215 App. Div. 563, *supra*) is not to the contrary for it dealt with and recognized the right to make changes, as distinguished from the physical location of such changes. (For an excellent discussion, see *Mansbach* v. *Klausner*, 179 Misc. 952 [WALTER, J.], also *American Worcestershire Sauce Co.* v. *Armour & Co.*, 194 Misc. 745 [HECHT, J.].)

The order appealed from should be reversed on the law, the facts and in the exercise of discretion to the extent of directing that plaintiff specify the reasons for the changes in the examination before trial in the manner directed and in accordance with the views expressed herein, with costs to the appellant.

BOTEIN, P. J., BREITEL, MCNALLY, STEVENS and NOONAN, JJ., concur.

Order unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted to the extent of directing

that plaintiff specify the reasons for the changes in the examination before trial in the manner directed and in accordance with the views expressed in the opinion *Per Curiam* herein.