■ JOSEPH FELDMAN et al., Respondents, v. LIBERTY MUTUAL INSURANCE COMPANY, Appellant.— Order unanimously reversed, without costs of this appeal to either party and defendant's motion for summary judgment granted. Memorandum: There are no facts in the case from which it could be found that the conduct of the appellant constituted a waiver of the limitation of time in which to commence an action as fixed by the contract of insurance. Nor by its conduct did the appellant estop itself from asserting that defense. Thus there are no triable issues of fact and an order dismissing the plaintiffs' complaint must be granted. (Appeal from order of Niagara County Court denying defendant's motion for summary judgment.) Present — Bastow, J. P., Goldman, McClusky, Henry and Noonan, JJ.

■ MARINE TRUST COMPANY OF WESTERN NEW YORK, Appellant, v. JOHN L. COLLINS et al., Respondents.— Order unanimously modified in accordance with memorandum and, as so modified, affirmed, without costs of this appeal to either party. Memorandum: Following his examination before trial by defendant a witness before signing the deposition undertook to make certain corrections therein which included substantial changes in his answers given upon the examination. He gave as his reasons, among others, that the corrections had been made " to give an accurate statement thereof and to correct errors by the reporter in the transcription of my testimony". Special Term dismissed the complaint unless within a stated time the witness subscribed the deposition with leave to note thereon errors claimed to have been made by the reporter in transcription. We believe the applicable rule is enunciated in rule 3116 of the Civil Practice Law and Rules which authorizes a witness before signing the deposition to enter thereon "any changes in form or substance ᶜ ᵜ ᵜ with a statement of the reasons given by the witness for making them". This has long been the established procedure. (*Skeaney* v. *Silver Beach Realty Corp.*, 10 A D 2d 537.) However, the omnibus statement of the witness that corrections were made to correct his errors in testifying or errors of the reporter is improper. The precise procedure was enunciated in *Columbia* v. *Lee* (239 App. Div. 849, 850) as follows: " Before the witness signs and subscribes his testimony he may add to the foot thereof a statement that certain of his answers (indicating the answers to which he refers) are incorrect, giving the reason therefor: either that it is an incorrect transcript or that his present recollection of the facts is more accurate, and he may then state what his corrected answer is and give any other explanation he desires with respect to his prior answer. After adding such a statement he must sign and subscribe his testimony." This procedure should be followed here. (Appeal from an order of Erie Special Term granting defendant's motion to dismiss complaint unless plaintiff's employee John T. French subscribe his deposition.) Present — Bastow, J. P., Goldman, McClusky, Henry and Noonan, JJ.