William C. Hecht, Jr., J.
Plaintiff seeks to compel defendant to sign the transcript of his oral deposition under oath. Defendant attacks the validity of the entire examination on the ground that the deposition was taken before the attorney for plaintiff in violation of CPLR 3113, subd. (a). Defendant is mistaken, in that the officer before whom the deposition was taken was the Clerk of Special Term Part II. Said officer did not attend at the taking of testimony, as contemplated by CPLR 3113, and the plaintiff’s attorney recorded the testimony of defendant in longhand. This practice, though not the preferable method, is not directly violative of any provision of the CPLR, provided it is fairly administered. Moreover, the plaintiff secured at least indirect approval of this procedure in prior proceedings before this court. Since the officer (i.e., Clerk of Special Term Part II) did not attend the entire session, there is little point to the argument that CPLR 3116 permits the officer to subscribe a deposition where the witness refuses to do so.
CPLR 3116 makes subscription by the witness mandatory. Where the witness unreasonably refuses to sign, the court has the power to hold said witness in contempt (CPLR 2308, subd. [a]).
Of course, the witness shall have an opportunity to make any corrections to the transcript which are in order, following the procedure outlined in Columbia v. Lee (239 App. Div. 849); adopted by this Department in Skeaney v. Silver Beach Realty Cory. (10 A D 2d 537). This will include the addition of all objections made by defendant’s counsel and not transcribed, except the objection to the longhand method of transcription.