ROCKLAND CHEMICAL CO., INC., A CORPORATION, APPELLEE, v. F & F MANUFACTURING, INC., A CORPORATION, APPELLANT.

166 N. W. 2d 735

Filed March 28, 1969. No. 37049.

Robert E. Paulick, for appellant.

E. Harold Powell, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The principal question involved in this case, an action for payment for goods sold and delivered, is whether unsigned depositions, where the signatures have been waived by the parties, are admissible in evidence. Plaintiff, a foreign corporation, took the depositions, consisting almost entirely of foundation testimony and identification of exhibits, in the State of New Jersey. Defendant signed no waivers and the depositions of the witnesses were unsigned.

Generally this problem turns on whether the statu-

tory provisions as to signature are mandatory or directory in nature. Are they for the benefit of the parties or the witness? The cases are in conflict on this point and the matter is not clear because of different statutes. In New York, signature is mandatory and liability for contempt enforces the rule. Dale Factors Corp. v. Jay Kay Metal Specialties Corp., 46 Misc. 2d 392, 259 N. Y. S. 2d 643; McNerney v. New York Polyclinic Hospital, 238 N. Y. S. 2d 729, 18 App. Div. 2d 210. In Missouri and Maine, signature is a formality, is for the benefit of the witness, and does not bar admissibility. Will Docter Meat Co. v. Hotel Kingsway (Mo. App.), 232 S. W. 2d 821; Hoyberg v. Henske, 153 Mo. 63, 55 S. W. 83; Bean v. Camden Lumber & Fuel Co., 125 Me. 260, 132 A. 892.

Our problem is solved by the express words and clear purpose of our statute. Our statute, section 25-1267.25, R. R. S. 1943, declares, "The deposition shall then be signed by the witness," unless "the parties by stipulation waive the signing * * *." The statute specifies precisely the procedure on nonsignature in the event of waiver, illness (death), absence, or refusal to sign. It says, "If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress under section 25-1267.35 the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

The meaning of the statute is clear. Signature is not mandatory. But a procedure is definitely established to eliminate the uncertainty and confusion reflected in the case holdings and general statutory language. By its terms the statute requires what shall be done when there is no signature. The signature is not mandatory but these requirements for testing on motion to suppress must be substantially complied with, lest the statutory

commands be meaningless and the very purpose of the requirements be emasculated from the statute, and this court adopt an independent rule. This we cannot do. The record establishes conclusively that there was no waiver by the parties, and there is no certification or statement as to illness, death, absence, or refusal to sign, or any reason given therefor. Further, by its terms, these conditions must be met before a deposition may be admitted. The statute says, "* * * and the deposition may then be used as fully as though signed * * *." We are aware that the depositions consist almost entirely of routine and formal foundation testimony and of identification of exhibits, but the substantial minimum of the statute must be met to guarantee the authenticity of the testimony, and that has not been done. This position is reinforced by the observation that the statute requires waiver, not just by the witness or for his benefit, but by *the parties*.

Other objections are without merit and in light of our holding of inadmissibility become unnecessary to discuss.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.