■ In the Matter of DONALD C. O'BRIEN, JR., et al., as Coexecutors of NELSON A. ROCKEFELLER, Deceased, Respondents, v EDWARD V. REGAN, as State Comptroller, Office of the State Comptroller, Department of Audit and Control, Appellant.—Crew III, J. Appeal, by permission, from an order of the Supreme Court (Travers, J.), entered March 18, 1991 in Albany County, which, in a proceeding pursuant to CPLR article

78, denied respondent's motion to dismiss the petition as time barred.

In 1974, a Federal lawsuit was commenced against then-Governor Nelson Rockefeller by inmates of Attica Correctional Facility in Wyoming County who sustained personal injuries in the aftermath of an uprising at the facility. In 1980, due to Rockefeller's death, his estate was substituted as a party. From 1974 to 1983, Rockefeller and, later, his estate were represented by the Attorney-General in that lawsuit. In July 1983, the Attorney-General certified to respondent that the estate was entitled to be represented by private counsel because it became inappropriate for the Attorney-General to do so (see, Public Officers Law § 17 [2] [b]). Thereafter, petitioners, as coexecutors of the estate, retained Milbank, Tweed, Hadley and McCloy to represent the estate. By letter dated January 7, 1985, respondent acknowledged the estate's entitlement to be represented by private counsel and notified petitioners that respondent had established a rate schedule setting forth the maximum rate to be paid for such legal services. Additionally, respondent stated in the letter that "[w]e will not negotiate rates higher than those set forth in the [rate] schedule. However * * * *any disputes* as to the reimbursement of attorney's fees shall be resolved by the court upon motion, or by way of a special proceeding" (emphasis supplied).

From 1985 to 1990, petitioners submitted 10 reimbursement vouchers for legal fees and expenses in accordance with the rate schedule. Later, after the Federal suit against the estate was dismissed, petitioners requested reimbursement from respondent for the remainder of the outstanding legal fees incurred as the result of rates charged to the estate above the amounts established in respondent's rate schedule. Respondent denied that request in September 1990. On November 15, 1990, petitioners commenced this CPLR article 78 proceeding on behalf of the estate seeking to recover the unreimbursed legal fees. Without interposing an answer, respondent moved to dismiss the petition on the ground that it was time barred. Supreme Court denied the motion and this appeal ensued.

It is axiomatic that a proceeding of this sort must be commenced within four months after the determination to be reviewed becomes final and binding (see, CPLR 217 [1]). Respondent claims that his letter of January 7, 1985 constituted a final determination and the four-month limitation period commenced to run at that time. Petitioners, on the other hand, contend that the Statute of Limitations began to run in

September 1990 when respondent denied their request for reimbursement of the remainder of the outstanding legal fees. Generally, "[a] challenged determination is final and binding when it 'has its impact' upon the petitioner who is thereby aggrieved" *(Matter of Edmead v McGuire,* 67 NY2d 714, 716). Where the determination is unambiguous and its effect certain, the four-month limitation period commences to run as soon as the aggrieved petitioner is notified thereof *(id.).*

Assuming all of the allegations in the petition to be true, we think that respondent's January 7, 1985 letter and rate schedule was a determination concerning the maximum rate to be paid for legal services provided to the estate pursuant to the Public Officers Law. That determination was clear, final and nonnegotiable. Additionally, the fees set forth in the rate schedule were binding upon petitioners, except where court intervention was sought to challenge the reasonableness of respondent's maximum rates. In the absence of such a challenge, the effects of respondent's determination were clearly evident.

Petitioners contend, however, that the court in which the action is pending, not respondent, is empowered to set legal fees in cases arising under Public Officers Law § 17. We disagree. The statute provides that "[r]easonable attorneys' fees * * * shall be paid by the state * * * from time to time during the pendency of the civil action" and that "[a]ny dispute with respect to * * * the reasonableness of [such] fees shall be resolved by the court" (Public Officers Law § 17 [2] [b]). By implication, this vests respondent with the authority, in the first instance, to determine what is reasonable. Where the attorneys and/or their client dispute such determination, the court is empowered to resolve such dispute. Here, respondent determined that the legal fees established in his schedule were reasonable and, conversely, that any fees in excess thereof were not. Petitioners were aware of that determination on March 13, 1985 when the first voucher for legal fees was submitted. A forwarding letter was enclosed with the voucher which provided, in part, that "[w]e are submitting this voucher without prejudice to our right to seek reimbursement * * * at a higher rate than provided in [respondent's] schedule". It is evident that at that time there existed a dispute as to the reasonableness of the legal fees as determined by respondent. Petitioners challenged that determination, for the first time, in November 1990. Accordingly, we find that petitioners failed to timely commence this proceeding.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed. *[See,* 149 Misc 2d 814.]