■ Seagate Sisterhood et al., Respondents, v Department of Housing Preservation and Development of the City of New York, Appellant, et al., Defendant.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to a release of the appellant's interest in certain real property, the appeals are (1) from an order of the Supreme Court, Kings County (Greenstein, J.), dated November 2, 1990, which, *inter alia,* granted a preliminary injunction barring demolition of certain structures until the plaintiffs' application for a release had been determined, and denied the appellants' motion to dismiss the complaint, (2) from an order of the same court, dated November 30, 1990, which denied the appellants' motion for renewal, and (3) as limited by its brief, from so much of an order of the same court, dated April 15, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeals from the orders dated November 2, 1990, and November 30, 1990, are dismissed, as those orders were superseded by the order dated April 15, 1991, made upon reargument; and it is further,

Ordered that the order dated April 15, 1991, is reversed insofar as appealed from, the order dated November 2, 1990, is vacated, and the motion to dismiss the complaint is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff was granted a preliminary injunction prohibiting the appellant from demolishing the structures on certain property taken by in rem tax foreclosure, pending a determination of the plaintiffs' rights to obtain a release of the interest of the City of New York in that property. The

appellant obtained a statutory stay of the orders appealed from (see, CPLR 5519 [a] [1]), and the plaintiffs' application to vacate the statutory stay was denied by a decision and order on motion of this court dated June 14, 1991. The structures have since been demolished.

Thus, the issue of whether the plaintiffs were entitled to a preliminary injuntion is academic. However, the complaint should have been dismissed. The Administrative Code of the City of New York grants the City the discretion to grant or deny applications for a release of the City's interest in property acquired by in rem foreclosure (see, Administrative Code of City of NY § 11-424). The determination denying the plaintiffs' motion for a release was made on July 13, 1990, and the plaintiffs' only avenue of judicial review was through a proceeding pursuant to CPLR article 78 to review that determination (see generally, Matter of O'Brien v Regan, 182 AD2d 869). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.