■ PATRICIA MESSINGER, Individually and as Parent and Natural Guardian of TODD MESSINGER, an Infant, Respondent, v LEDING YAP et al., Appellants, et al., Defendant. STATE OF NEW YORK, Appellant. [611 NYS2d 322] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered July 18, 1991 in Dutchess County, which granted motions by defendants Leding Yap and Norman Sehayik for representation and indemnification by the State of New York and denied motions by said defendants to strike their examinations before trial.

Plaintiff commenced this action against numerous defendants in April 1988 alleging, *inter alia,* negligence and malpractice in the administration of anesthesia to plaintiff's infant son, Todd Messinger, at the State-owned Helen Hayes Hospital in Rockland County on or about August 23, 1978. As a result of alleged malpractice, the infant suffered cardiac arrest which resulted in serious and permanent injuries. Defendants Leding Yap and Norman Sehayik were anesthesiologists during this procedure. Subsequent to the commencement of litigation, the Attorney-General undertook the representation of Yap and Sehayik pursuant to Public Officers Law § 17. On June 5, 1989, Yap was deposed and on June 27, 1989, a videotaped deposition of Sehayik was conducted with an Assistant Attorney-General appearing for both defendants during their respective examinations before trial.

By letter dated October 6, 1989, however, the Attorney-

General advised Sehayik that upon investigation of the facts and circumstances of the case, it would be inappropriate for the Attorney-General to represent him in this matter. The letter further stated that Sehayik would be entitled to representation by private counsel and that the State would pay reasonable counsel fees and litigation expenses in this regard pursuant to Public Officers Law § 17 (2) (b). In addition, the letter called attention to Public Officers Law § 17 (3) (a) regarding indemnification by the State if the act or omission from which the judgment or settlement arose occurred while Sehayik was acting in the scope of his public employment or duties and did not result from any intentional wrongdoing. It is conceded that Yap received an identical letter from the Attorney-General.

Yap and Sehayik (hereinafter collectively referred to as defendants) each retained independent counsel and both thereafter moved to suppress their examinations before trial on the ground that the Attorney-General had not properly represented them during their pretrial examinations. Sehayik further moved for an order directing the State to continue to pay for his defense and to indemnify him pursuant to Public Officers Law § 17 (3) (a) if he was found to be liable on plaintiff's claim, and Yap joined in the motion.

Supreme Court denied defendants' motions to strike their examinations before trial but held that the State was responsible to continue to defend, indemnify and save harmless defendants pursuant to Public Officers Law § 17. Defendants each appeal the denial of their motions to suppress the examinations before trial and the State appeals the order directing continued defense and indemnification.

Public Officers Law § 17 (1) (a) defines the term employee to include "any person holding a position by election, appointment or employment in the service of the state * * * but shall not include an independent contractor". Public Officers Law § 17 (2) (a) directs that the State provide for the defense of the employee in any civil action "arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties". Pursuant to this section, the State undertook the defense of defendants, as it was required to do given the allegations in the complaint (see, Frontier Ins. Co. v State of New York, 172 AD2d 13). When the Attorney-General determined that representation by his office would be inappropriate, he authorized representation of defendants by private counsel of their choice in accordance with

Public Officers Law § 17 (2) (b) *(see, Matter of O'Brien v Regan,* 182 AD2d 869, *lv denied* 80 NY2d 758).

Defendants contend that once the State undertook their defense as employees, it is bound to indemnify them pursuant to Public Officers Law § 17 (3) (a), particularly in view of the delay before withdrawing as their attorney. However, it is the general rule that estoppel does not lie against the State *(see, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88) unless there is a wrongfully induced reliance by one entitled to rely and who detrimentally changes his or her position *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662). In the instant case, the Attorney-General's letter of October 1989, as well as an earlier letter of August 16, 1988, contained the limiting language of Public Officers Law § 17 (3) (a) and there has been no showing that either of defendants have changed their position to their detriment.

As noted, Public Officers Law § 17 (2) relates to the allegations in a complaint, whereas the indemnification provision set forth in Public Officers Law § 17 (3) (a) provides for indemnification when the questionable conduct occurred while the defendant was acting within the scope of his or her public employment or duties. Thus Public Officers Law § 17 differentiates between the duty to defend and the broader duty to indemnify, a recognized concept in insurance law which has been applied by this Court to other provisions of Public Officers Law § 17 *(see, Matter of Garcia v Abrams,* 98 AD2d 871). Further, as this Court has held, even though the State owns the hospital, it is not liable for the torts of the doctor who is found, after trial, to be an independent contractor *(see, Rivers v State of New York,* 159 AD2d 788, *lv denied* 76 NY2d 701). The duty to defend arises from a statutory obligation whereas the liability to indemnify depends upon the facts of the case as to be determined at the conclusion of the matter, and the question of whether a defendant is acting within the scope of employment is one that generally can be determined only after trial or other judicial proceeding, such as summary or declaratory judgment *(see, Hassan v Fraccola,* 851 F2d 602; *Matter of Spitz v Abrams,* 123 Misc 2d 446, *affd* 105 AD2d 904). Therefore, we find that the issue of indemnification cannot be resolved at this time and the decision of the Supreme Court holding that the State is obligated to indemnify defendants is premature *(see, American Home Assur. Co. v Port Auth.,* 66 AD2d 269).

As to Supreme Court's decision declining to strike the examinations before trial of defendants pursuant to CPLR

3103 (c), we find that both defendants were represented by an Assistant Attorney-General during these proceedings, at which time each testified about medical records and events underlying plaintiff's claim. From the record it appears that the testimony elicited was not misleading or untrue, and thus defendants have not met their burden in seeking the protective order *(see, Barnes v State of New York,* 67 AD2d 1065). Moreover, to require plaintiff to redepose defendants would result in additional delay in the ultimate resolution of this long-pending matter which, in our opinion, would not be justified.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendants Leding Yap and Norman Sehayik for indemnification by the State of New York; said motion denied; and, as so modified, affirmed.