OPINION OF THE COURT
Richard A. Goldberg, J.
Defendant Harry Lewner, D.D.S., moves for an order, pursuant to CPLR 3116 (e), suppressing the third portion of his deposition, which was taken on October 25, 1999.[1]
In response to defense counsel’s request, plaintiffs attorney, in late April 2000, sent an original copy of the October 25, 1999 deposition transcript to defendant’s attorney, who forwarded same to defendant on or around May 4, 2000. After defendant reviewed the deposition, defense counsel made the instant motion on June 14, 2000, alleging that there are so many errors in the transcription of the deposition that the deposition must be suppressed.
CPLR 3116 (e) provides that, “[e]rrors and irregularities of the officer or the person transcribing the deposition are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.” This section indicates that it is proper to make a motion to suppress a deposition or a part thereof, but provides no guidance as to what sort of irregularities merit suppression. Given the dearth of case law addressing suppression of a deposition, it is apparently a little used remedy.[2] One obvious reason for this lack of use is that CPLR 3116 (a) allows a deponent to make corrections to a deposition as long as he or she provides the reasons for the changes (see, Rodriguez v Jones, 227 AD2d 220; Marine Trust Co. v Collins, 19 AD2d 857; Columbia v Lee, 239 App Div 849, 850). In practice, a deponent may choose to rest on a corrected transcript because suppression of a deposition would *880 provide the opposing party a ground for requesting a further or continued deposition to supplant the suppressed deposition. Despite this, a motion to suppress still serves a purpose, because a correction of the transcript will not necessarily preclude impeachment of such changes by the testimony of the stenographer or another person present at the deposition (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3116:6, at 557-558; Fisch, New York Evidence § 940 [2d ed]; 6 Weinstein-Korn-Miller, NY Civ Prac n 3116.04).
Whatever the reason for the lack of case law discussing the issue, the party moving to suppress the deposition must demonstrate the inaccuracy of the transcript (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3116:6, at 557-558; cf., Messinger v Yap, 203 AD2d 870, 873 [party seeking a protective order suppressing evidence under CPLR 3103 (c) bears the burden on the motion]). The error must also prejudice the party seeking suppression in some way, as harmless irregularities do not warrant suppression (see, Siegel, Practice Commentaries, supra; Messinger v Yap, supra). As the stenographer certifies the correctness of the transcript, any claim regarding the accuracy of the transcription would generally require a hearing to determine whether the stenographer erred.[3]
Initially, the Court determines that the instant motion is timely. Defendant made his motion 49 days after receiving an original copy of the deposition transcript. As a deponent has 60 days from receipt of a deposition transcript to make corrections and sign the deposition transcript (see, CPLR 3116 [a]), the Court sees no reason why a motion to suppress premised upon an inaccurate transcript would not be considered reasonably prompt if made within that same 60-day period.
In support of his motion, defendant has submitted a copy of the deposition transcript and his notarized errata sheets. In the errata sheets, in addition to typographical errors and misspelling of names and dental terms, defendant identifies several sections of the transcript that he characterized as “missing words,” “illegible,” or which individually “makes no sense,” *881 In examining those sections of the deposition, it is evident that the court reporter failed to transcribe, or garbled certain portions of defendant’s testimony. Since the transcription itself is facially incorrect or incomplete in certain portions of defendant’s testimony, the stenographer’s certification bears little weight as to those portions.
However, despite the numerous obvious transcription errors, those improperly transcribed sections fail to show that the entire deposition transcript is so permeated with error that suppression of the entire deposition is warranted. At this point, defendant has also failed to show that partial suppression of the transcript is warranted. While the errors render some portions of defendant’s testimony unclear, they do not appear to contradict his claim that he did not commit malpractice in his treatment of plaintiffs teeth, and that the problems with plaintiffs teeth arose because she failed to keep appointments and failed to practice good oral hygiene at home. Defendant has thus failed to show that the errors are other than harmless. Moreover, suppression of even portions of the deposition would require plaintiff to redepose defendant and cause additional delay in this matter that has been pending for several years (see, Messinger v Yap, supra, 203 AD2d, at 873).
The Court will deny the motion. As defendant did not attempt to correct his testimony pertaining to those sections of the transcript described as “missing words,” “illegible,” or which individually “makes no sense,” the Court will grant him an additional 30 days from the date of entry of this order to provide corrected testimony for those portions of the deposition. The Court notes that many of defendant’s corrections contained in his errata sheets fail to provide the reasons for the correction, a violation of the statute and case law, which require that the deponent provide a reason for each correction (Marine Trust Co. v Collins, supra, 19 AD2d, at 857; Columbia v Lee, supra, 239 App Div, at 850; CPLR 3116 [a]). Accordingly, defendant may, within the 30-day extension granted above, submit the reasons for each correction noted in his errata sheets. In the event that defendant is unable to reconstruct those questionable portions of his testimony, the Court will accept a sworn affidavit from the defendant incorporating his answers to the questions posed.

. Plaintiff, in the affirmation in opposition, requests a 90-day extension of time to file her note of issue. That request will be dealt with upon resolution of a pending motion for summary judgment.

. Courts that have mentioned CPLR 3116 (e) in their decisions have been faced with situations where a party has failed to properly or timely move for suppression of a deposition and, as such, the courts did not address the merits of such a request (see, King v Brown, 72 Misc 2d 560; Dorset Caterers v Nassau & Suffolk Dining Car & Rest. Assn., 67 Misc 2d 687; Peters v State of New York, 41 Misc 2d 980).

. The Court finds the situation comparable to a challenge to service of process. In a case where the serving party has submitted a facially proper affidavit of service, a nonconclusory affidavit denying proper service merely creates an issue of fact requiring a hearing of the issue (Campbell v Johnson, 264 AD2d 461; Wern v D’Alessandro, 219 AD2d 646, 647; Skyline Agency v Ambrose Coppotelli, Inc., 117 AD2d 135, 139).