Edward J. Poulos, J.
Plaintiff moves to strike defendant’s answer pursuant to CPLR 3126 for failing and refusing to sign the transcript of the examination before trial heretofore taken of defendant.
Defendant counters with the argument that:
(1) “that many of the questions that were asked and answered by him (defendant’s witness) were not in the record ’ ’;
*688 (2) that the examination was improperly taken in that defendant’s attorneys’ stenographer was used in taking the testimony.
The attorneys for defendant rely on a letter they sent in which they claim to have rejected the examination before trial because at the time of its taking they made “ vehement objections ” to the fact that plaintiff’s attorneys’ stenographer took the deposition.
Unfortunately, the procedure followed by the attorney for the defendant is not sanctioned under the rules. A similar situation arose in the case of Peters v. State of New York (41 Misc 2d 980, affd. 22 A D 2d 764). There, the affidavit on behalf of the party who was examined alleged that the testimony was garbled, incoherent and incomplete and that several important questions asked by the attorney for the party being examined did not appear in the transcript. The court said it did not consider these matters pertinent to the motion and used the following language (p. 982): “ The proper method of dealing with errors of the officer or person transcribing a deposition is a motion to suppress the deponent’s deposition or some part thereof pursuant to subdivision (e) of rule 3116 of the Civil Practice Law and Bules. The claimants have not seen fit to proceed under said rule and since they have not done so we will give no further consideration to any errors in the transcript of the examination before trial.”
And in Hayes v. City of New York (98 N. Y. S. 2d 424) the court suggested that the proper way to handle a situation like this is for the witness to add a statement that certain answers in the transcript are incorrect, give the reasons, and then subscribe his testimony.
As to the argument that the plaintiff had no right to use his stenographer to take the minutes of the examination before trial, the court can find no basis for this objection. As long as the witness has been duly sworn before the proper official (in the case before us such swearing in was done by the clerk of the court), the conduct of the examination is proper. Any objection as to the qualification of the person by whom the testimony is being taken must be made before the taking of the deposition or as soon as the disqualification becomes known. (See 7 Carmody-Wait 2d, New York Practice, §§ 42:122-42:124.)
However, since this court has wide discretion in cases of this sort it will exercise its discretion in the interest of justice and give the defendant an opportunity to conform with the rules. (Prey v. First Nat. Bank, 21 A D 2d 709 [1964].)
The defendant is to have 20 days in which to reread the examination before trial, append any objections, give the proper *689 answers to questions it deems inaccurate on the transcript, and add any questions and answers that have been omitted and then sign the examination. Failing this the motion is in all respects granted.