Lyman H. Smith, J.
Plaintiff moves this court for an order directing defendants in this multiple-party action to be responsible for bearing the expense of obtaining their own copies of plaintiff’s examinations before trial of several of the defendants.
Questions of which party will receive copies of examinations before trial, as well as who must bear the cost thereof, are, in the vast majority of eases in this State, usually agreed upon by stipulation of counsel for the various parties at the time such examinations are conducted. This is a commendable practice. However, none were arrived at in the instant case. As a result, the court is called upon to make a determination of whether plaintiff, at his own expense, has a statutory duty to furnish defendants with copies of the examinations in question. Because of the relative novelty of this issue, and its growing importance, in view of the increase in multiple-party actions in our courts, it is incumbent upon the court to take a fresh look at the statutory scheme governing the preparation of copies of examinations before trial (CPLR 3116).
Historically, the procedure for obtaining copies of examinations held before trial, and meeting the costs thereof, has been shaped more by the custom and practice of trial attorneys throughout the State than by statutory dictation. Under the old Civil Practice Act, the only reference made to the cost of such transcripts was under the section relating to “ Disbursements ” (Civ. Prac. Act, § 1518, subd. 8-a) wherein it was stated “ The reasonable cost of taking testimony on an examination before trial and making one transcript of said testimony, but not to exceed twenty-five dollars in any one action or proceeding.” (See, CPLR 8301, subd. [a], par. 9.) Such language sufficed in an age when multiple-party litigation was the exception, and the one-plaintiff, one-defendant lawsuit rarely worked any particular financial hardship on either party in terms of taking such examinations and securing copies thereof. The practice developed quite predictably and conveniently for the parties, in such two-party actions, to enter into a stipulation whereby *223 each party provided the other with copies of any examinations initiated by him — a trade which reflected the fact that both parties would be expending approximately similar amounts for such examinations.
. The Civil Practice Law and Rules, which replaced the Civil Practice Act as of September 1, 1963, codified the standard practice of “ trading ” transcripts by providing in CPLR 3116 (Subd. [d]) [entitled, “ Expenses of taking ”] that “ the party taking the deposition shall bear the expense thereof.” It has been commonly accepted, although there are no reported judicial decisions in our State so deciding, that this section includes, not only the basic expense of the actual ‘ ‘ taking ’ ’ of the examination (such as, the reporter’s recording fee, or his per diem charge, and the costs of securing the attendance of witnesses) but, also, the expense of having the original transcript reproduced and copies made available to opposing counsel. (See, 3A Weinstein-Korn-Miller, iST. T. Civ. Prac., par 3116.11, pp. 31-328, 31-329; see, also, 9 Standard Civil Practice Service, p. 243.)
However, seeming to recognize that the age of multiple-party civil actions had arrived and that such litigation could no longer be branded as “ unusual ”, the Legislature in this same section (CPLR 3116, subd. [d]) prefaced the above-stated language with the provision, “ Unless the court, orders otherwise ”. It is this very language upon which the plaintiff grounds this motion, contending that the present action constitutes an unusual situation contemplated within the statute (CPLR 3116, subd. [d]), whereby the courts have been given the power to “ order otherwise ” and, in effect, make any determination regarding the apportionment of the expenses of “ taking” such examination (and reproducing copies of the transcript) as justice and fairness would dictate under the circumstances. Plaintiff argues that when, as here, multiple parties to an action cannot agree concerning the costs of obtaining copies of examinations before trial, and where the usual and customary practice would work a peculiar financial hardship on the party taking the examination, the court now has the power to order some alternative arrangement for the parties involved to bear the expense of such transcripts.
To order the defendants in this action to pay the expense of obtaining their own copies of plaintiff’s examinations before trial, as plaintiff prays for, would not appear to this court to be beyond the ambit of power conferred by the language 1 ‘ Unless the court orders otherwise ” (CPLR 3116, subd. [d]), assuming *224 such a determination provided the most equitable solution in this situation. (See, 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3116.11, pp. 31-328, 31-329; see, also, 9 Standard Civil Practice Service, p. 243.) The question then becomes, whether or not in this particular action, the court should exercise the discretion and authority clearly made available to it by statute.
Plaintiff, as administrator of his deceased wife’s estate, commenced this action to recover for the wrongful death, as well as the conscious pain and suffering, of his wife, on the theory of medical malpractice. According to his counsel’s affidavit, plaintiff is presently a 57-year-old retiree with an annual income of $9,600. Named as defendants are one large urban hospital, 10 attending physicians, and one attending registered nurse. To date, plaintiff’s counsel has examined three defendant physicians and the assistant administrator of defendant hospital, occupying a total of two full days in doing so. It is expected that one additional day will be necessary to complete plaintiff’s examination of at least one more defendant physician. It has been estimated by the official stenographer employed at these examinations that the total cost of the original and two copies of the transcripts will be in the neighborhood of $2,000 to $3,000. The attorney for the defendants examined to date has stated that it is not likely that he or other defendant counsel will request an examination of the plaintiff, nor will they indulge in any rehabilitative questioning of their defendant clients in the course of such examinations.
It is readily apparent, therefore, that this case presents a special problem (concerning the costs of reproducing transcripts) not found in the usual one-plaintiff, one-defendant situation. Not only are there multiple parties, with all but one joined together as codefendants, but the party generating the costs in question is the single plaintiff. Defendants contend with reasonable logic that it would be unfair for them to be ordered to bear the expense of obtaining copies of plaintiff’s examinations, when they themselves plan to take none, a circumstance often present in wrongful death and medical malpractice litigation. Similarly, plaintiff contends, with equal persuasion, that to force him alone to bear the expense of providing defendants with copies of such examinations might well be prohibitive to him in terms of pressing forward with this action. In this regard, it bears mentioning that, should each individual defendant in a similar one-plaintiff multiple defendant lawsuit retain his own attorney and demand a separate copy of the examinations taken by plaintiff, such demands *225 ¡could raise the cost of “ taking the deposition ” to a prohibitive plateau.
This court does not find particularly persuasive the argument set forth by counsel for the defendants to the effect that the bulk of the examinations thus far conducted by plaintiff have been unnecessary and constitute an unfair burden on the defendants. The thrust of such argument is that the plaintiff seeks merely to have the named defendant physicians read into the transcript their medical charts and records concerning the deceased, and thereby provide plaintiff with the opportunity to question such defendants on general procedures, techniques, diagnoses, and methods of treatment in a medical event such as the unfortunate one giving rise to this litigation. Defense counsel contends that any qualified physician from the general medical community could adequately review these records with plaintiff, at plaintiff’s expense, and provide identical information. This is not the case, however, for plaintiff seeks more than mere amplification of the medical records involved. He seeks to obtain information about this particular patient in order to evaluate the care and treatment she received from these particular physicians in this particular hospital. He requires this information not only because it rests uniquely within their knowledge, but more importantly, because counsel’s burden in this action is to evaluate care and treatment, and determine negligence, if any. To do so, he must have the opportunity to question these defendants concerning their role in attending the decedent. Such examinations are to be encouraged under our modern-day liberal approach to discovery, since they serve to curtail capricious and specious claims and must, in any event, eventually sharpen the issues and save valuable court time.
It is plaintiff’s reasonable need for such a large volume of information — highly technical and complex in nature, and known only by those persons involved in the treatment of the deceased — that is most impressive to this court. For these reasons, the court is compelled to conclude that this is a situation which calls for exercise of the available authority under CPLR 3116 (subd. [d]) to bring the parties into relative financial parity in preparing for trial. Such relief is not only available under CPLR 3116 (subd. fd]), but in situations such as exist here, mandatory, if the language 11 Unless the court orders otherwise ”, is to have any real meaning. Without such an exercise of discretion in the instant case the plaintiff might well find the cost of adequately preparing for trial totally *226 impossible to bear and, thus, be precluded from having his day in court. It should be sufficient that plaintiff bear the expense of conducting the examinations, including, in this case, travel expenses of nonresident witnesses, the stenographer’s recording or per diem costs, and additionally, the cost of the original transcript of such examinations. Should defendants wish their own copies, they should individually bear the expense thereof.
Such a holding does not offend our system of trial practice, nor the general rule laid down in CPLR 3116 (subd. [d]). Nor does it offend the long-established custom followed by the Bar in many areas of our State. Should parties choose not to stipulate to a waiver of filing the original transcript, a stipulation usually agreed upon, then CPLR 3116 (subd. [b]) provides that the original be filed and “ open to the inspection of the parties, each of whom is entitled to make copies thereof ”, presumably at their own expense. Similarly, the Federal Rules Of Civil Procedure (rule 30, subd. [f], par. £2]) states that “ Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.” See, also, Federal Rules of Civil Procedure (rule 30, subd. [b], par. [4]) which provides, in essence, that should another method of recordation be approved and used at an examination before trial, a party “may nevertheless arrange to have a stenographic transcription made at his own expense.” (Emphasis supplied.)
Thus, under the circumstances presented in this action, the court finds it necessary to establish a more equitable apportionment of financial responsibility among these many parties. Accordingly, it exercises its authority under CPLR 3116 (subd. [d]) and directs defendants in this action to obtain, at their own expense, such transcripts of plaintiff’s examinations before trial as they may deem necessary to an adequate preparation of their defense.