Lawrence Newmark, J.
Plaintiffs sue defendants to recover damages for injuries to the eye of Victor Adamo and to recover money expended and services lost by his mother, Rosemary Adamo. The accident allegedly occurred May 16, 1971 when a cap flew from the top of a bottle of Kirsch Cola, striking 11-year-old Victor in the eye as he attempted to open the bottle. The cola had been purchased at a Lindenhurst King Kullen Supermarket. Kirsch Beverages, Inc., and King Kullen Grocery Co., Inc., are defendants.
King Kullen now moves to stay proceedings pending signing and return of Victor Adamo’s deposition, as required under CPLR 3116. This penalty is authorized under CPLR 3126 (subd. 3) for a party’s failure to disclose. The plaintiffs’ examination before trial was conducted May 10, 1974. Plaintiffs’ counsel filed no opposing papers and ignored two written requests by King Kullen’s counsel to have Victor Adamo execute and return the original copy of his testimony in his examination before trial.
CPLR 3116 (subd. [a]) provides that “the deposition shall be submitted to the witness for examination and shall be read to *370 or by him, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them.”
If the witness fails to sign the deposition, the officer before whom it was taken shall sign it, stating on it the deponent’s failure to sign. (CPLR 3116, subd. [a].) However the officer must have been present for the entire duration of the examination in order for his signature to be effective. The remedy of contempt against deponent is then only possible when the officer is not available to sign. (Little Joseph Realty, N. Y. L. J., Aug. 16, 1973, p. 14, col. 2.)
There has been a controversy regarding the question of whether a CPLR 3126 penalty is appropriate where a party refuses to execute and return an examination before trial. In two cases courts granted a motion to strike the defendant’s answer. (Marsh v. Lee & Sons, 34 A D 2d 985; Dorset Caterers v. Nassau & Suffolk Dining Car & Rest. Assn., 67 Misc 2d 687.) In Merck, Sharp & Dohme v. Whitted (77 Misc 2d 8, 10) the court held that a motion to strike the pleadings is not proper because disclosure has been made. The court distinguished Dorset and Marsh because neither case dealt with the propriety of the remedy. The Merck court reasoned that CPLR 3126 lists penalties for failing to disclose, and since the deponent had submitted to the examination before trial he therefore had disclosed, so the remedy Avas inappropriate. The court decided that he should be given another chance to sign and if he refused the officer who conducted the examination before trial should sign in his stead; and if the officer were unavailable the deponent then would face the threat of contempt (supra, pp. 10-11).
The procedure of allowing the officer to sign in lieu of deponent is designed for unusual situations, e.g., where a deponent had died or though alive has become physically or mentally incapable of signing in his oavu behalf. It is not meant to be utilised for times when a party for no reason and with no excuse fails to ■sign. Provisions do exist for cases in which a deponent refuses to sign due to objections to the stenographer’s accuracy, but this is not that type of case.
Professor Siegel has suggested in the 1974 CPLR Practice Commentary that the meaningful sanctions of CPLR 3126 are appropriate and have perhaps even more force than a contempt citation. Because the refusal to execute a deposition may reasonably be treated as a failure to disclose, the penalties author *371 ized in CPLR 3126 are appropriate. (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, Pocket Part, CPLR 3126.)
The signing of the deposition as required in CPLR 3116 is in essence the deponent’s final act of disclosure by way of examination before trial. Failure to sign should be excused only in cases of death or physical or mental incapacitation. A willful failure to sign by a physically and mentally capable deponent is a form of nondisclosure. There is no reason in this type of case to compel the officer who conducted the deposition to sign it and to appear at trial and testify to its accuracy, nor is there any reason for the court to engage itself in lengthy contempt proceedings. CPLR 3126 provides the most meaningful penalties in this situation, and therefore this court must disagree with the Merck (77 Misc 2d 8, supra) decision and will look to the section for penalties.
Defendant requested a stay pending signing and return of the deposition. The court does not feel that a halt to litigation is justified in this case. Striking the pleadings is appropriate.
Therefore the court directs that plaintiff Victor Adamo sign and swear to the examination before trial heretofore sent to his counsel and — return the same to counsel for defendant within 30 days after service of a copy of the order, with notice of entry, upon attorney for plaintiffs. If plaintiff fails to comply with the requisite time allotted, his complaint shall be stricken.