OPINION OF THE COURT
Charles H. Cohen, J.
A problem which should have been resolved in a simple manner among the attorneys now requires the intervention of the court for its resolution. While the papers presented to the court are skimpy, it appears that the third-party defendant Cedar Park Concrete Corporation was brought into this action after some examinations before trial were conducted. Cedar now wants "copies of any and all examinations before trial conducted herein” as well as "copies of physical examinations *696 conducted of the plaintiff’ by any of the defendants. Actually, there is no opposition to the granting to Cedar of the substance of what it wants; there is merely a dispute as to how to proceed and as to which party will bear the expense.
With respect to the transcripts, the basic problem relates to which party shall bear any expense involved. The closest statutory authority for resolving this matter is CPLR 3116 (subd [d]) which declares "Unless the court orders otherwise, the party taking the deposition shall bear the expense thereof’. (Since no claim is made that any original deposition has been filed, the court need not consider CPLR 3116 (subd [b].) The "expense” would include "the expense of having the original transcript reproduced and copies made available to opposing counsel”. (Brown v University of Rochester, 77 Misc 2d 221, 223, affd 46 AD2d 1016.) Therefore, unless there is some reason requiring the court to order "otherwise”, the parties who have taken a deposition should bear the expense. No such reason has been submitted to the court. That Cedar came into the case after the depositions were taken would not change the general rule set forth in CPLR 3116 (subd [d]). Accordingly, the court directs that each party who has taken a deposition in this action shall serve, at its own expense, a copy of that deposition upon the attorneys for Cedar within 30 days after service of a copy of the order herein with notice of entry upon its attorneys. The court is fixing this 30-day period in order to enable parties which have taken depositions to get them signed (CPLR 3116 (subd [a]), with the observation that those parties which do not promptly sign and return depositions may, among other penalties, be required to pay expenses incurred by any other party as a consequence of any unjustified delay. (See CPLR 3126; Merck, Sharp & Dohme v Whitted, 77 Misc 2d 8; Adamo v Kirsch Beverages, 80 Misc 2d 369.) The court notes an affirmation submitted on behalf of defendant United Fabricated Metals apparently seeking a 90-day delay, but the court perceives no reason for such a lengthy delay.
With respect to the medical reports — Cedar’s notice refers to "copies of physical examinations”, which apparently means the reports of examining physicians — each defendant shall serve, at its own expense, a copy of any medical report of the plaintiff with respect to a physical examination it has conducted, upon the attorneys for Cedar within 30 days after service of a copy of the order herein with notice of entry upon *697 its attorneys. (Cf. Moses v Woodbury, 54 AD2d 961; Sito v Neumann, 92 Misc 2d 97.)
The motion is granted to the extent indicated.