**Robert WILLIAMS, Plaintiff,**

v.

**Hugh BRANTLEY, Defendant.**

**No. Civ–79–970.**

United States District Court,
W. D. New York.

June 25, 1980.

Martin S. Handelman, Rochester, N. Y., for plaintiff.

Robinson, Williams & Angeloff, Rochester, N. Y. (Mitchell T. Williams, Rochester, N. Y., of counsel), for defendant.

CURTIN, Chief Judge.

The defendant in this action swore out a criminal information against the plaintiff on October 14, 1979 in the Justice Court, Town of Orangeville, Wyoming County, New York. The information charged plaintiff with harassment and plaintiff was arrested. On October 16, 1979, in a trial at the Justice Court, Town of Orangeville, all charges against plaintiff were dismissed. Subsequently, on November 20, 1979, plaintiff sued the defendant in state court for malicious prosecution and false arrest.

The defendant, Hugh Brantley, then filed a petition seeking an order removing this suit to the federal court, pursuant to 28 U.S.C. § 1442(a)(1). At the time Brantley swore out the criminal information against the plaintiff, he was the managing attorney for Western New York Rural Legal Services, a project of the Monroe County Legal Assistance Corporation ["MCLAC"]. MCLAC is a federally authorized and funded program. The defendant has alleged that in swearing out the criminal information he was acting under the color of his office as an attorney in this federal program and, therefore, is entitled to removal.

The plaintiff has made a motion to remand this matter to state court, which is presently before the court for decision.

A very brief statement of the factual context is necessary for an understanding of my decision. On the day the defendant Brantley swore out the information, October 14, 1979, he had been attempting to provide outreach services at a migrant labor camp in Wyoming County in connection with his legal position at Western New York Rural Legal Services. Brantley has contended that such visits to the housing areas where the migrant farm workers live is essential to the functioning of the rural legal services program. Brantley alleged in the criminal information that he was harassed and assaulted at the labor camp on that day by a man whom he believed to be, after some inquiry, the plaintiff, Robert Williams. Brantley has further alleged that criminal charges were brought in order to deter further violence against himself and other persons in the rural legal services project when they are conducting legal outreach programs at the migrant worker camps. As noted above, the criminal charges against the plaintiff were dismissed when Brantley could not identify his assailant in the courtroom. There is little dispute as to the above facts, and an application of the law in this case is not difficult.

 The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is not a narrow or limited statute. This section of the judicial code allows removal to the federal courts of any civil action against "[a]ny officer of the United States . . . for any act under color of such office . . ." It covers all cases in which a federal officer can raise a colorable defense arising out of his duty to enforce federal law, and one of the primary purposes of this removal statute is to have such "color of office" defenses litigated in the federal courts. Moreover, in order to sustain removal, the federal officer need not demonstrate "a clearly sustainable defense," nor win his case ahead of time, before he can have it removed. *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). The availability and protection of the federal forum should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1). *Id.*, at 404–07, 89 S.Ct. at 1814–1816; *Poss v. Lieberman*, 299 F.2d 358 (2d Cir.), *cert. denied*, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962).

As made clear in defendant Brantley's memorandum of law, he intends to invoke the defense of absolute or qualified immunity for federal officers. A reading of plaintiff's papers in support of his motion to remand shows that he is not seriously contesting Brantley's *status* as a federal officer. Rather, plaintiff contends that there is no sort of federal immunity available for Brantley in this case. Plaintiff relies on *Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979), to support this argument.

*Ferri* involved the question of whether an attorney, appointed to represent an indigent criminal defendant pursuant to the federal Criminal Justice Act, was entitled to immunity from malpractice suits in state court. The Supreme Court held *inter alia* that the fact federal funds provided the source of the attorney's compensation was not a basis for inferring that Congress intended to grant immunity for alleged malpractice to such an appointed counsel. Therefore, the Commonwealth of Pennsylvania courts had had no reason to accept such a claim of immunity when raised as a defense by the attorney. The plaintiff argues that *Ferri* demonstrates the lack of any immunity defense for Brantley in this case, thus mandating the remand of his suit to state court. This argument is unpersuasive.

 First, the *Ferri* case involved no question of removal to a federal court, nor of remand from it. The defendant attorney in *Ferri* never attempted to remove the action against him to federal court. Not surprisingly, therefore, the decision provides no instruction for a court in the procedural posture which we confront in the instant case. It is clear to me that the *Willingham* decision, *supra*, continues to be the controlling authority and, thus, unless

the substantive defense raised by the federal officer is completely frivolous, he is entitled to have the merits of such defense decided in a federal court.

 Second, the *Ferri* decision does not demonstrate that Brantley's anticipated substantive defense is not colorable. At best, the decision may raise certain issues which must be confronted if Brantley's absolute or qualified immunity defense is to be ultimately successful. A review of Brantley's supporting papers, however, indicates clearly that he is not relying solely on the fact that federal funds are expended on Western New York Rural Legal Services as a basis for his immunity claim. Rather, he relies on his avowed purpose, in bringing the criminal charges, of attempting to secure the safety of himself and his co-workers in the performance of their offices. The *Ferri* decision simply has no bearing on such a claim.

While the court is not deciding now, of course, whether Brantley's action in swearing out a criminal information was within the scope of his official duties, it is certainly not a frivolous claim. I find, therefore, that the defendant has raised a colorable defense which he is entitled to have decided in a federal forum. Plaintiff's motion to remand his action to state court is denied.

So ordered.