John POLK, Plaintiff,

v.

David A. LEWIS, Staff Attorney, Legal Aid Society of New York, Robert McGuire, Commissioner, New York City Police Department, John Doe–Precinct Captain, for the forty seventh precinct,

John Doe–Desk Sergeant, for the forty seventh precinct, Ignazio Taverna, Police Officer No. 11406, of the forty seventh precinct, John Doe–Communications Officer, for the 911 communications unit,

Individually and in their Official capacities, Defendants.

No. 80 Civ. 2992.

United States District Court, S. D. New York.

Sept. 19, 1980.

John Polk, pro se.

Garbarini, Scher & DeCicco, New York City, for defendant, Lewis.

Allen G. Schwartz, Corp. Counsel, New York City by ACC Ilene J. Brown, New York City, for City defendants.

## MEMORANDUM OPINION

EDWARD WEINFELD, District Judge.

Plaintiff John Polk, following the affirmance in January 1977 of his state conviction for robbery in the second degree, sexual abuse in the first degree, and unauthorized use of a vehicle, commenced this suit *pro se* against defendants David A. Lewis, a staff attorney with the Legal Aid Society of New York, Robert McGuire, Commissioner of the New York City Police Department, Police Officer Ignazio Taverna and two unnamed police officers of the 47th Precinct, and an unnamed police officer of the "911" communications unit, for damages arising out of the circumstances of his arrest on March 23, 1974 and the appeal from his subsequent conviction. Alleging causes of action under 42 U.S.C., sections 1981, 1983, and 1985, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution, the Code of Professional Responsibility, and various constitutional and statutory provisions of the State of New York, Polk claims that he was arrested without probable cause, and that attorney Lewis neglected to pursue certain constitutional claims upon appeal of the conviction. Jurisdiction is alleged under both 28 U.S.C., section 1331 and section 1343(3). The police defendants now move to dismiss the complaint pursuant to Rule 12(b)(6), and defendant Lewis moves to dismiss pursuant to Rules 12(b)(1) and (6), of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Plaintiff opposes the motions with a rather lengthy traverse setting out

his legal position. For purposes of this motion, plaintiff's exposition of the facts in his complaint must be accepted as true.[1]

The substance of the plaintiff's free-wheeling and verbose complaint can be broken down into two parts. First, he charges that his arrest for stealing an automobile on March 23, 1974 was invalidly effectuated via an anonymous phone call inaccurately transcribed by an operator of the "911" communications system. He alleges that the arresting officers, without probable cause, frisked and handcuffed him and searched the automobile, resulting in the discovery of a "B.B. pistol." Moreover, Polk contends that he was tried without the production of police records subpoenaed on or about May 12, 1975.

The second aspect of Polk's complaint concerns the alleged failure of his court–appointed appellate counsel, defendant Lewis, to raise these constitutional claims on appeal. More specifically, he alleges that, despite his express request to the contrary, Lewis filed his brief before Polk had examined it, and that Lewis "elected to become umpire and amicus curiae" rather than zealously advocate Polk's position. He taxes counsel, among other charges, for not submitting a supplemental brief to the Appellate Division containing points that he, Polk, felt should be raised. The allegations of wrongdoing by Lewis cover a period of time up to January 1977, when Polk's conviction was affirmed by the Appellate Division of the New York State Supreme Court.

Polk's claims against the police defendants are time–barred. In actions under the civil rights statutes, which do not contain their own statute of limitations, the most appropriate state statute of limitations is applied.[2] In New York, this statute is the three–year limit of Civil Practice Law and Rules, section 214(2).[3] Polk filed his

---

1. E. g., *United States v. Mississippi*, 380 U.S. 128, 143, 85 S.Ct. 808, 816, 13 L.Ed.2d 717 (1965).

2. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

3. *Leonhard v. United States*, 633 F.2d 599 at 615 616 (2d Cir. 1980) (citing cases); *Stin-*

complaint on May 27, 1980. The alleged violations committed by the police defendants occurred on the day of his arrest, March 23, 1974, more than six years before. The alleged failure to produce records occurred in May 1975, five years before. The complaint must, therefore, be dismissed with respect to the five police defendants.

 So, too, the complaint must be dismissed as to defendant Lewis. The claim fails to make out the requirement of state action necessary to maintain a claim under section 1983. It is well established that court–appointed attorneys representing criminal defendants do not act "under color of state law."[4] Moreover, the Legal Aid Society of New York and its staff attorneys, despite any contractual arrangement with the government to represent indigents, do not act "under color of state law"; their obligations are to their clients.[5] Similarly, Polk does not allege the requisite class based discrimination to make out a cause of action under section 1985,[6] nor does he allege racial discrimination as required to state a cause of action under section 1981.[7] Moreover, although defendant Lewis does not raise the issue, this action is time barred as to him as well. The last possible date for any alleged violation by Lewis was in January 1977, more than three years prior to the commencement of this action.

The complaint is, therefore, dismissed in its entirety.

So ordered.

son v. Sheriff's Dep't of Sullivan County, 499 F. Supp. 259 (S.D.N.Y.1980). Although our Court of Appeals has not decided if a three or six year statute of limitations applies to a Bivens type claim, see Leonhard, supra, at 615; Regan v. Sullivan, 557 F.2d 300, 307 (2d Cir. 1977), plaintiff's effort here to assert such a claim fails because defendants are not federal officials, as required in Bivens. See Bivens v. Six Unknown Named Narcotics Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390–97, 91 S.Ct. 1999, 2001–05, 29 L.Ed.2d 619 (1971). In any case, his arrest preceded the filing of this complaint by more than six years, and he would thus be time-barred under either standard.

Moreover, Polk's invocation of the tolling provision of C.P.L.R. § 208 is misplaced. Since 1973, that section, providing for the tolling of the statute of limitations when plaintiff is un-

der a disability, has excluded imprisonment as such a disability. C.P.L.R. § 208 (McKinney's Supp. 1979-80).

4. Housand v. Heiman, 594 F.2d 923 (2d Cir. 1979); Harris v. Ward, 418 F.Supp. 660 (S.D.N.Y.1976).

5. Lefcourt v. Legal Aid Society, 445 F.2d 1150, 1153 56 (2d Cir. 1971). Accord, Graseck v. Mauceri, 582 F.2d 203 (2d Cir. 1978).

6. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

7. See Runyon v. McCrary, 427 U.S. 160, 168–75, 96 S.Ct. 2586, 2593-96, 49 L.Ed.2d 415 (1976); Lee v. Bolger, 454 F.Supp. 226, 232 (S.D.N.Y.1978); Lofland v. Meyers, 442 F.Supp. 955, 957 (S.D.N.Y.1977).