Brian A. STRAIT, Robert E. Perry, Walter H. Ruehle, and Monroe County Legal Assistance Corporation, Plaintiffs,

v.

Walter C. MEHLENBACHER; Allen Capwell, in his capacity as Sheriff of Wyoming County, New York; Ronald Ely, in his capacity as Undersheriff of Wyoming County, New York; Roger Bliss, in his capacity as Town Justice of the Town of Pike, Wyoming County, New York; Robert Smith; Arthur Roe; Frank Clifton; and John Does 1 through 10, being persons unknown constituting the Camp Committee on the Farm owned by Defendant Mehlenbacher, Defendants.

No. Civ–79–895C.

United States District Court,
W. D. New York.

Nov. 25, 1981.

Robinson, Williams & Angeloff (Mitchell T. Williams, of counsel), Rochester, N. Y., for plaintiffs.

Martin S. Handelman, Rochester, N. Y., for defendants.

CURTIN, District Judge.

Currently before me in this civil rights action is plaintiffs' motion for partial summary judgment dismissing the defendants' third counterclaim pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. This counterclaim is based upon 42 U.S.C. § 1983. Defendants allege that the plaintiffs violated the civil rights of the members of the Camp Committee at the Mehlenbacher Labor Camp by entering onto the premises of the living quarters of the migrant workers, encouraging the Camp Committee members and other workers to breach their contractual relationships with defendant Mehlenbacher, interfering with the members' right of privacy, attempting to "stir up litigation" for the benefit of others, and by refusing to leave the premises upon demand.

In support of their motion for summary judgment, plaintiffs argue that a cause of action brought under section 1983 may not lie against them because they are a federal agency and federal employees and the conduct in contention was undertaken under color of federal, and not state, authority. Thus, plaintiffs claim, defendants have failed to establish that plaintiffs acted "under color of any statute, ordinance, regulation, custom or usage of any State," which is a prerequisite for relief under 42 U.S.C. § 1983.

■ Plaintiffs are the Farmworker Legal Services of New York, Inc. [FLSNY] [1] and

---

1. Farmworker Legal Services, Inc. of New York is the successor to Western New York Rural

three staff attorneys of FLSNY. According to the affidavits filed with the court, FLSNY is an organization incorporated under New York Not-for-Profit Corporation Law §§ 401 *et seq.* The stated purposes of the corporation are to:

(1) provide high quality legal representation and assistance to migrant, seasonal farmworkers, and other rural poor persons who would otherwise be unable to afford adequate legal counsel;

(2) represent the best interest of migrant, seasonal farmworkers and other individuals in keeping with the Code of Professional Responsibility, the Canons of Ethics, and the highest standards of the legal profession.

Certificate of Incorporation of Farmworker Legal Services of New York, Inc. The organization is funded by the Legal Services Corporation pursuant to 42 U.S.C. §§ 2996 *et seq.,* by another federal agency, ACTION, and by private funding sources. FLSNY does not receive any funds from the state or from any of its municipal subdivisions. The facts that FLSNY is incorporated under New York law and that, as a provider of legal services, it must abide by the guidelines of the New York State and the applicable Appellate Division rules clearly are insufficient to establish plaintiffs as agents of the state in any capacity or to demonstrate that plaintiffs were acting under color of state law. *See Lefcourt v. Legal Aid Society,* 445 F.2d 1150 (2d Cir. 1971); *Graseck v. Mauceri,* 582 F.2d 203 (2d Cir. 1978), *cert. denied* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979); *Polk v. Lewis,* 499 F.Supp. 302 (S.D.N.Y.1980).

■ Defendants nevertheless maintain that the state action requirement has been met in that plaintiffs have acted in concert with various state agents and conspired to violate the defendants' civil rights. In an affidavit submitted to the court, the defendants allege the following facts to support their claim of conspiracy: initially, one of the plaintiffs swore out a warrant

against defendants, in part to assist the plaintiffs and other staff members of FLSNY in gaining future entry into the camp; secondly, plaintiffs informed the local law enforcement authorities of alleged illegal alcohol sales on the migrant camp; and finally, plaintiffs informed the law enforcement authorities of the alleged presence of a dead body on one of the farms. *See* Affidavit of Martin Handelman, Esq., Item No. 40.

■ These allegations are clearly insufficient to state a cause of action under section 1983. None of the above-entitled actions is in any way unlawful or suggestive of any violation of defendants' civil rights. To the extent that any such activities fall outside the scope of the plaintiffs' authority under 42 U.S.C. § 2996f(b)(6) and the Legal Services Corporation guidelines, such complaints are properly addressed to the Corporation itself and not to this court. *Brame v. Ray Bills Finance Co.,* 76 F.R.D. 25 (N.D. N.Y.1977).

■ Moreover, the fact that defendants have not joined any state officials as respondents to the counterclaim is, of itself, a serious flaw in their argument. *Weiss v. Willow Tree Civic Association,* 467 F.Supp. 803, 811 (S.D.N.Y.1979). Indeed, many state officers, including the Sheriff and Undersheriff of Wyoming County as well as the Town Justice of Pike, have been named by plaintiff as codefendants in the original lawsuit. Defendants have not served cross claims against these codefendants nor filed complaints against any other state officials.

Furthermore, the claim is fatally defective because it does not allege any actions undertaken by state officers or agents. To establish the requisite state involvement, the defendants must allege with some particularity a causal connection between the actions of the state officers in their official capacities and the constitutional violation. *Weiss, supra, Cerbone v. County of Westchester,* 508 F.Supp. 780, 784 (S.D.N.Y. 1981).

The defendants charge that:

a notice of substitution to reflect the change of the corporate plaintiff.

Legal Services, which was a component of Monroe County Legal Assistance Corporation. The parties have agreed that plaintiffs will file

584

plaintiffs, among themselves, among others within their organization and with other groups, agencies and individuals, did conspire to violate and did violate the civil rights of the migrant worker represented by the Camp Committee . . . .

All of the actions listed in support of this claim, however, were undertaken by the plaintiffs, and none indicates the alleged role of the unnamed co-conspirators. Defendants have alleged only "simple conclusions" rather than the "specific allegations of fact indicating a deprivation of civil rights," *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976), which are necessary to sustain a cause of action under 42 U.S.C. § 1983. *See Powell v. Jarvis*, 460 F.2d 551, 552 (2d Cir. 1972); *Ostrer v. Aronwald*, 567 F.2d 551 (2d Cir. 1977); *Landesman v. City of New York*, 501 F.Supp. 837 (S.D.N.Y.1980).

■ Defendants contend that they are unable to further elaborate upon their conspiracy theory at this time and seek discovery through broad interrogatories to substantiate their claim (Item No. 8). The interrogatories seek such information as the names of the migrant workers who contacted plaintiffs, a yearly breakdown of the number of cases handled by FLSNY from 1977 to 1979, and a description of the cases. Also, defendants seek a description of

> any relationship of whatever sort, union of interest, or commonality of purpose, between plaintiffs and any organization seeking to organize migrant workers into a collective labor bargaining unit

and any reports made or caused to be made by plaintiffs to appropriate officials regarding any violations occurring on migrant labor camps.

This court has already held that these interrogatories are overly broad and unduly burdensome and that many of the interrogatories involve privileged information. The court has granted a protective order to the plaintiffs pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, *Strait v. Mehlenbacher*, 79–895 (W.D.N.Y. July 16, 1981). In reviewing the interrogatories in light of the present motion, it appears that defendants are attempting to utilize the discovery

rules as a "fishing expedition" to find some basis of their civil rights claim. This is plainly in violation of the Federal Rules. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Wright & Miller, Vol. 8 §§ 2001, 2036.

Since they have failed to demonstrate that plaintiffs acted under color of state law, defendants have not stated a cause of action under section 1983. Plaintiffs' motion for partial summary judgment, therefore, is granted, and defendants' counterclaim is hereby dismissed.

So ordered.