James H. MELTON and John Willingham, Plaintiffs,

v.

Paul McCORMICK; McCormick Farms, Inc.; and Raymond Campbell, a/k/a Beaver Campbell, Defendants.

Brian A. STRAIT; Robert E. Perry; Walter H. Ruehle; and Monroe County Legal Assistance Corporation, Plaintiffs,

v.

Walter C. MEHLENBACHER; Allan Capwell, in his capacity as Sheriff of Wyoming County, New York; Ronald Ely, in his capacity as Undersheriff of Wyoming County, New York; Roger Bliss, in his capacity as Town Justice of the Town of Pike, Wyoming County, New York; Robert Smith; Arthur Roe; Frank Clifton; and John Does 1 through 10, being persons unknown constituting the Camp Committee on the Farm owned by Defendant Mehlenbacher, Defendants.

Nos. CIV-79-704C, CIV-79-895C.

United States District Court, W. D. New York.

June 22, 1982.

Farmworker Legal Services of New York, Inc., Rochester, N. Y. (Paul D. MacAulay, Rochester, N. Y., of counsel), and Robinson, Williams, Angeloff & Frank, Rochester, N. Y. (Mitchell T. Williams, of counsel), Rochester, N. Y., for plaintiffs.

Handelman & Witkowicz, Rochester, N. Y. (Martin S. Handelman, Rochester, N. Y., of counsel), for defendants.

CURTIN, Chief Judge.

The cases at bar involve questions regarding the right of access by attorneys employed by the Farmworker Legal Services of New York to migrant farmworkers living and working on grounds owned and operated by the defendants, *Strait v. Mehlenbacher*, 526 F.Supp. 581 and questions of construction of the provisions of the Farm Labor Contractor Registration Act, the Fair Labor Standards Act, and the Truth in Lending Act, *Melton v. McCormick,* Civ. 79–704C. At this time, the court is called upon to arbitrate a dispute regarding allocation of costs for transcription and copying of depositions taken in connection with the cases.

In *Strait v. Mehlenbacher,* three depositions were noticed and taken by plaintiffs. Plaintiffs ordered and filed the transcript for each deposition and paid the cost for transcription and for one copy for plaintiffs' own use. Defendants claim they, too, are entitled to a copy of each deposition, at plaintiffs' expense. The disagreement in the *Melton v. McCormick* case involves a single deposition taken by plaintiffs of defendant Raymond Campbell. After the deposition was completed, plaintiffs decided not to order the transcript. Hence, the testimony has not been transcribed or filed. Defendants request that this court direct the plaintiffs to order the transcript and to pay the cost of transcription and one copy of the testimony.

In support of their position, the defendants rely upon New York law and, in particular, upon New York CPLR § 3116(d) and the case of *Catalano v. Long Island Jewish Hospital,* 93 Misc.2d 695, 403 N.Y. S.2d 685 (Civ.Ct. New York County 1978). Because jurisdiction in both cases is based upon the existence of a federal question, however, and not upon diversity of citizenship, the court finds that the New York State procedural rules are not applicable to these motions, and the issues shall be governed solely by reference to the Federal Rules of Civil Procedure and by Rule 30 in particular.

The Federal Rules of Civil Procedure indicate that the cost of obtaining a copy of a deposition which has been transcribed is to be borne by the party requesting the copy. Rule 30(f)(1) states that after the testimony is transcribed, it shall be filed with the Clerk of the Court by the officer transcribing the record. Subdivision (f)(2) states: "Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent." The reasonable interpretation of this section is that the party ordering a copy of the transcript shall pay for its cost, and this is the general rule which has evolved. *See* Vol. 8, Wright & Miller *Federal Practice & Procedure,* § 2117. Therefore, defendants' application for an order directing plaintiffs to pay these costs in *Strait v. Mehlenbacher* is denied.

The issue presented by the application in *Melton v. McCormick,* however, is not as well settled. "The Rules are silent as to who shall pay the expenses of transcription of the deposition in the first instance." Vol. 4A *Moore's Federal Practice,* ¶ 30.63[3].

Rule 30(c) provides: "If requested by one of the parties, the testimony shall be transcribed." This section was added by amendment in 1970 to clarify prior law. No hard and fast rule was established regarding allocation of expenses, and the question involves an interpretation of the phrase "reasonable charges" as used in subdivision (f)(2) and whether it is reasonable to charge the cost of transcription to the party requesting the testimony.

It appears that the issue of allocation of costs is directed to the court's discretion. As the Advisory Committee notes to the amendment state, "[t]he revised language provides that transcription is to be performed if any party requests it. The fact of the request is relevant to the exercise of the court's discretion in determining who shall pay for transcription."

Given the general rule that the party noticing and conducting the deposition is the proper party to bear transcription costs, which rule was not altered by the amendment, the question becomes whether under the facts of this case, the plaintiffs in *Melton v. McCormick* should be put to the expense of transcribing the testimony.

The court holds that the plaintiffs should not bear these expenses. Plaintiffs are indigent migrant farmworkers. While their extreme poverty is itself insufficient to require a shifting of costs, it is a fact which bears heavily upon my decision.

Although it is not binding authority, the court finds the reasoning of the New York State courts in the case of *Brown v. University of Rochester Strong Memorial Hospital*, 77 Misc.2d 221, 353 N.Y.S.2d 666 (Sup.Ct. Monroe County 1974), *aff'd*, 46 A.D.2d 1016, 363 N.Y.S.2d 321 (4th Dept. 1974), cited to us by plaintiffs to be persuasive. In deciding whether the plaintiffs should bear the expense of obtaining copies of transcripts for the multiple defendants, the court noted the financial disparity which existed between plaintiffs and the defendants. The court noted that where the plaintiffs had a reasonable need to obtain knowledge which was within the defendants' possession, deposition examinations should be encouraged.

It was feared that if plaintiffs were forced to bear the deposition expenses, he "might well find the cost of adequately preparing for trial totally impossible to bear, and thus, be precluded from having his day in court." 353 N.Y.S.2d at 670.

In the case at bar, too, there is a danger that plaintiffs would be precluded or, at the least, discouraged from making use of the pretrial discovery devices. The resources of the plaintiffs are severely limited. If presented with the likelihood that they would be required to pay for transcription of all their depositions, regardless of the merits of the contents, it is foreseeable that they will avoid deposing defendants and their agents and lose the opportunity to obtain the relevant evidence, thus frustrating the basic purpose of the discovery rules. *See* Rule 26; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Therefore, on the basis of the above discussion, the court must deny the defendants' application for a court order in *Melton v. Mehlenbacher*. The court rejects as well defendants' claim that the plaintiffs have stipulated to pay the disputed expenses. Under Rule 29 of the Federal Rules of Civil Procedure, the parties may vary the discovery rules by entering into stipulations. In this case, however, the transcript submitted by the defendants show that the stipulations were entered into in separate, non-related cases involving some of the same parties, *Williams v. Brantley*, 492 F.Supp. 925 and *Womble v. Byron*, Civ. 79–164. There is nothing to indicate that the parties to the instant cases intended the stipulations made in *Williams v. Brantley*, and *Womble v. Byron*, to be binding upon them. In the absence of such an understanding, the applicable Federal Rules control the issues, as decided above.

Accordingly, the court holds that the defendants are to bear the cost of obtaining copies of the deposition transcript on file with the Clerk and of transcribing the remaining testimony, should they deem the testimony to be necessary.

So ordered.