In re TRINITY PLASTICS,
INC., Debtor.

John Paul RIESER, Chapter
7 Trustee, Plaintiff,

v.

BRUCK PLASTICS COMPANY,
Defendant.

Bankruptcy No. 3–90–01827.
Adv. No. 3–90–0209.

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 10, 1991.

**2.** This court notes that counsel for debtors approved the Order for Abandonment. (Docket

John Paul Rieser, Dayton, Ohio, for trustee/plaintiff.

Thomas R. Noland, Dayton, Ohio, for defendant.

## DECISION AND ORDER GRANTING MOTION FOR CONTINUED DISCOVERY AND DENYING MOTION FOR PAYMENT OF DISCOVERY EXPENSES

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion of the plaintiff to permit discovery pursuant to Bankr.R. 7056(f) and the Memorandum in Opposition to Plaintiff's Motion to Permit Discovery and Defendant's Motion for Payment of Expenses of Discovery. The motions of the parties were accompanied by memoranda of law.

The pretrial order was entered in this case on February 1, 1991, which detailed the framework for proceeding in this adversary proceeding. The pretrial order contemplated discovery and set a discovery cutoff date of June 30, 1991. The date for the final pretrial was set for June 26, 1991 at 9:30 a.m. Although the court has no recollection of a request for filing a motion for summary judgment by either party, the defendant filed a motion for summary judgment on April 22, 1991, with accompanying affidavit and memorandum.

While this court desires prompt attention by counsel to each adversary proceeding, the filing of the motion for summary judgment during the contemplated and agreed period for discovery in this case is premature. The period for discovery was contemplated to extend until June 30, 1991.

■ Summary Judgment is a valuable procedure to shorten and conserve litigation time and expense. As a result of the Supreme Court cases of *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) the use of summary judgment is encouraged. The parties must be aware that litigation can terminate suddenly if all of the requirements to defend against a motion for summary judgment are not taken advisedly by the party opposing the motion. The new significance of summary judgment procedure requires each party to present its evidence of the factual basis for a claim or defense by way of affidavit, depositions or a supporting document, or suffer the summary judgment. Explicit in the recognition of the elements necessary for the granting of a motion for summary judgment is the requirement that the nonmoving party have adequate time for discovery.

■ In this proceeding the period of time deemed necessary for discovery was ordered to end on June 30, 1991. The court deems it imperative that plaintiff have that time within which to complete discovery.

On the matter of the defendant's motion for payment of expenses of discovery, the court recognizes the principle stated in *Melton v. McCormick*, 94 F.R.D. 344, 346 (W.D.N.Y.1982), that "[t]he issue of allocation of costs is directed to the court's discretion" as noted in the case of *Pashman v. Chemtex Inc.*, 664 F.Supp. 701, 704 (S.D.N.Y.1987).

■ This court embraces the American rule concerning attorney fees that the cost of litigation should be borne by each litigant unless there is some contractual provision or egregious action by one party which justifies the imposition of legal expenses against that party. In this case the defendant has not shown authorization or requirement for the assessing of costs of discovery to the plaintiff. The court will assume and require that plaintiff be economical with his time and money and refrain from unnecessarily enhancing expense to the defendant. The necessity for the taking of a deposition and other discovery procedures by the plaintiff is apparent from the lack of information which the plaintiff has at hand. Such information is within the knowledge or possession of defendant. There is insufficient justification to require plaintiff to pay expenses of acquiring the information. Nothing in this proceeding indicates that plaintiff's discovery actions are intended to increase the

costs of discovery to defendant. Sanctions will not be imposed in the form of payment of discovery costs of the defendant.

The motion of plaintiff to permit discovery is granted. The motion of defendant for payment of expenses of discovery by the plaintiff is denied.

Further, the plaintiff is granted leave until 20 days after the discovery cutoff date within which to file his response to the motion for summary judgment.

IT IS SO ORDERED.