OPINION OF THE COURT
Memorandum.
Appeal from order -entered October 3, 1995, granting defendant’s cross motion and from order entered June 19, 1996, dismissed, inasmuch as said orders have been superseded by the order entered on November 15, 1996.
Order entered October 3, 1995, which denied plaintiffs motion to strike defendant’s answer or, in the alternative, to designate a Judicial Hearing Officer as a Referee to supervise disclosure unanimously affirmed, without costs.
Order entered November 15, 1996, unanimously affirmed, without costs. Plaintiff shall have 20 days from the date of the order hereon to serve defendant’s attorney with a copy of the videotaped recording of the deposition of the defendant.
We are in agreement with the lower court’s order entered on October 3, 1996 which denied plaintiffs motion to strike the defendant’s answer or, in the alternative, to designate a Judicial Hearing Officer as a Referee to supervise disclosure. We note that pursuant to CPLR 3130 (1), a party in a negligence action seeking to recover for property damage may not, without leave of court, depose the defendant and also serve interrogatories upon the defendant. The plaintiff has not demonstrated a sufficient basis for the court to grant such leave. Likewise, the plaintiff has failed to establish that the appointment of a Referee to supervise disclosure at this juncture is warranted.
We are further in agreement with the lower court’s order entered on November 15, 1996 which directed plaintiff, at his own expense, to serve defendant’s attorney with a copy of the *518 videotaped recording of the deposition of the defendant. CPLR 3116 (d) provides that “[ujnless the court orders otherwise, the party taking the deposition shall bear the expense thereof.” In interpreting CPLR 3116 (d), it has been held that where a stenographer is present at a deposition to record the testimony, the party taking the deposition shall bear “the expense of having the original transcript reproduced and copies made available to opposing counsel” (Brown v University of Rochester Strong Mem. Hosp., 77 Misc 2d 221, 223, affd 46 AD2d 1016; see also, Catalano v Long Is. Jewish Hosp., 93 Misc 2d 695; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3116.12; 7A Carmody-Wait 2d, NY Prac § 42:354).
In the case at bar, where the deposition was recorded on videotape pursuant to CPLR 3113 (see also, 22 NYCRR 208.12, 202.15), the question presented is whether the plaintiff, the party taking the deposition, must likewise furnish, at his own expense, a copy of the videotape recording to the opposing party. In our opinion, 22 NYCRR 202.15 (k) contains language substantially similar to CPLR 3116 (d) and provides that “[t]he cost of videotaping * * * shall be borne by the party who served the notice for the videotaped * * * recording of the deposition”. We find no basis in the Uniform Rules for Trial Courts (22 NYCRR 202.15) for treating videotapes any differently than the original transcript of a stenographic recording. Thus, we hold that the party who served the notice for the videotaped recording of the deposition must furnish the opposing party with a free copy of the videotape. To the extent that the case of Roche v Udell (155 Misc 2d 329) appears to arrive at a contrary interpretation as to who shall bear the cost of copying the videotape of the deposition, we decline to follow such case inasmuch as we interpret 22 NYCRR 202.15 (e) to mean that only “additional” copies of the videotape must be purchased by the opposing party but that the initial copy must be provided to such party free of charge.
Kasoff, P. J., Aronin and Chetta, JJ., concur.